**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DEBORAH ELLEN HUDDY,

      Defendant - Appellant.

No. 02-1060
(D.C. No. 01-CR-215-M)
(D. Colorado)

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Deborah Ellen Huddy was convicted of multiple counts of wire fraud, mail fraud, and money laundering following a jury trial. Mrs. Huddy and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

her husband, Craig Huddy, had obtained numerous gift checks from American Express by submitting fraudulent orders that appeared to be authorized by Mrs. Huddy's former employer, U.S. West. They deposited these checks in a variety of their own bank accounts, as well as an account owned by Robert Baier, a friend and former employer of Mrs. Huddy. Mr. Huddy testified extensively on Mrs. Huddy's behalf at trial, asserting that he had forged her signature on all but the first four fraudulent gift check orders. Mr. Huddy maintained that Mrs. Huddy was unaware of the scheme.

Nonetheless, the jury concluded she was guilty. Mrs. Huddy was sentenced to forty-six months' imprisonment and ordered to pay $365,145–the total amount lost by American Express–in restitution. Mr. Huddy, who pled guilty, was also ordered to pay $365,145 in restitution. Mrs. Huddy now appeals both her conviction and the restitution order. She raises six arguments, which we address in turn.

**Admission of Rule 404(b) Evidence**

First, Mrs. Huddy argues that the district court erred in admitting prior bad acts evidence under Federal Rule of Evidence 404(b). We review the district court's decision on Rule 404(b) evidence for abuse of discretion. *See United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997).

Among other factors, to be admissible under Rule 404(b), evidence of prior bad acts by a defendant must be relevant for some other reason than showing the defendant's propensity to commit a crime–such as motive, opportunity, or knowledge. *See Huddleston v. United States*, 485 U.S. 681, 685-86 (1988). Further, such evidence is relevant only if a jury could reasonably conclude that the acts occurred and that the defendant committed them. *See id.* at 689. Mrs. Huddy argues that these factors were not met in this case.

Here, the Rule 404(b) evidence was a fraudulent student loan application by Mrs. Huddy using the forged signature of Mr. Baier. In requesting that this evidence be admitted, the government stressed that Mr. Baier had been used by the Huddys both in the student loan fraud and in the fraud charged in this case. It was on this basis that the district court found the 404(b) evidence relevant. Prior bad acts evidence may be used to establish identity through a consistent method of committing a crime. *See United States v. Porter*, 881 F.2d 878, 886 (10th Cir. 1989). We conclude that the evidence was relevant to show Mrs. Huddy's modus operandi in her fraudulent schemes.

We further conclude that the jury could have reasonably found that Mrs. Huddy committed the prior bad act. While Mr. Huddy testified that Mrs. Huddy was unaware of the student loan fraud, he did concede that

Mrs. Huddy herself had signed the fraudulent application. The jury could have reasonably concluded that Mrs. Huddy bore responsibility for the deception.

Evidence is admissible under 404(b) only if its probative value is not substantially outweighed by unfair prejudice. *See Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002). Mrs. Huddy has not shown that any unfair prejudice arising from the Rule 404(b) evidence substantially outweighed its probative value.

**Exclusion of Reenactment of Forgery by Mr. Huddy**

Mrs. Huddy further argues that it was error for the district court to exclude a forgery demonstration by her husband. We also review this decision for abuse of discretion. *United States v. Johnson*, 971 F.2d 562, 571 (10th Cir. 1992). [1] We conclude that the district court did not abuse its discretion in determining that a demonstration of Mr. Huddy's forgery skills at the time of the trial was not relevant to his credibility in describing past events. *See* R. Supp. Vol. 1, at 16.

---

[1] Mrs. Huddy argues that this issue should be reviewed de novo, as a violation of the accused's due process right to present her theory of the defense. However, while the right of a defendant to call witnesses on her own behalf is fundamental, the right to choose the manner of that testimony is not. *See United States v. Adams*, 271 F.3d 1236, 1243 (10th Cir. 2001), *cert. denied*, 535 U.S. 978 (2002).

**Reliability of the American Express Records**

Mrs. Huddy argues that it was error to admit certain American Express records (showing that a woman identifying herself as Deborah Huddy had contacted American Express regarding the gift check orders) because they were unreliable. To be admissible, business records must be trustworthy. *See* Fed. R. Evid. 803(6); *Timberlake Constr. Co. v. U.S. Fidelity & Guar. Co.*, 71 F.3d 335, 341 (10th Cir. 1995). This evidentiary ruling also falls under the abuse-of-discretion standard of review. *Johnson*, 971 F.2d at 571.

As the district court determined, testimony at trial established that the only inaccuracies in the records were confined to incorrect identification of the American Express employee entering the information; there was no indication of other problems with the records suggesting lack of trustworthiness. Accordingly, the district court did not abuse its discretion in admitting the evidence.

**The District Court's Treatment of the Jury's Question**

Mrs. Huddy argues that the district court erred in deciding not to respond to a juror's question (submitted before the close of evidence and before deliberations had begun) without first consulting with the attorneys while Mrs. Huddy was present. We review this issue for plain error because Mrs. Huddy did not object when the district court announced its decision regarding the juror question.

Fed. R. Crim. P. 52(b); *United States v. McDonald*, 933 F.2d 1519, 1524 (10th Cir. 1991).

We have held that, if a jury submits a question to the court, and if the question is answered, it "must be answered in open court and only after providing counsel an opportunity to be heard." *United States v. Carter*, 973 F.2d 1509, 1515 (10th Cir. 1992). Here, however, the court did not respond to the question and had no contact with the jury. We find no error in the district court's conduct.

**The Restitution Order**

Mrs. Huddy additionally argues that the district court erred in its restitution order. Mr. and Mrs. Huddy were sentenced by separate judges, and each judge ordered each defendant to pay the full amount of the victim's loss in this case. There was no objection to the restitution order at the time it was imposed; therefore our review is for plain error. Fed. R. Crim. P. 52(b). An illegal restitution order constitutes plain error. *United States v. Herndon*, 982 F.2d 1411, 1421 (10th Cir. 1992).

Our precedents interpreting the Victim and Witness Protection Act, 18 U.S.C. § 3663, prohibit a victim from collecting restitution beyond the amount of the victim's actual loss. *See United States v. Gottlieb*, 140 F.3d 865, 873 (10th Cir. 1998). We therefore vacate Mrs. Huddy's restitution order and remand

to the district court for the limited purpose of clarifying that Mrs. Huddy's liability is joint and several with that of her husband. [2]

**Cumulative Error**

Mrs. Huddy argues that her conviction should be reversed due to cumulative error. Cumulative error analysis does not apply where there were no errors at trial. *See United States v. Rivera*, 900 F.2d 1462, 1470 (10th Cir. 1990) (en banc). Because Mrs. Huddy has only demonstrated error with respect to a sentencing issue, cumulative error analysis does not apply.

The restitution order is VACATED and REMANDED for clarification in accordance with the principles described above. In all other respects, the judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

---

[2] The provisions of the Mandatory Victim's Restitution Act, 18 U.S.C. §§ 3663A, 3664, do not conflict with the requirement of joint and several liability in such cases. *See United States v. Scott*, 270 F.3d 30, 52-53 (1st Cir. 2001) (examining legislative history of § 3664(h) and concluding that where multiple defendants are made liable for entire amount of victim's loss, restitution order must be interpreted to impose joint and several liability), *cert. denied*, 535 U.S. 1007 (2002).