# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 05-1037 |
| v. | (D.C. No. 04-WY-748-CB) |
| DEBORRAH ELLEN HUDDY, | (Colorado) |
| Defendant-Appellant. | |

## ORDER
Filed June 19, 2006

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Deborah Huddy filed a petition for rehearing and petition for rehearing *en banc*, challenging portions of this court's order in *United States v. Huddy*, 164 Fed. Appx. 693 (10th Cir. January 20, 2006). We grant Ms. Huddy's petition for rehearing for the limited purpose of revising footnote 1 of the order. In all other respects, Ms. Huddy's request for rehearing is denied. Ms. Huddy's petition was circulated to the *en banc* court, and no judge requested a poll. Therefore, her request for rehearing *en banc* is also denied. Our prior order is withdrawn, and is

substituted with attached revised order.

ENTERED FOR THE COURT
Elisabeth A. Shumaker, Clerk


By:_____
      Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEBORRAH ELLEN HUDDY,

Defendant-Appellant.

No. 05-1037
(D.C. No. 04-WY-748-CB)
(Colorado)

**ORDER**

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Deborah Huddy brings this action to challenge the district court's denial of her 28 U.S.C. § 2255 motion seeking to vacate her conviction on the grounds of ineffective assistance of counsel. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and determine that reasonable jurists would not find debatable the district court's dismissal of Ms. Huddy's habeas petition. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, pursuant to 28 U.S.C. § 2253(c), we deny Ms. Huddy a certificate of appealability (COA) to challenge the district court's ruling, and dismiss her appeal.

Ms. Huddy was indicted on numerous counts of wire fraud, mail fraud, and money laundering. She proceeded to trial, where she was found guilty of all the

counts against her. She was sentenced to forty-six months of imprisonment and ordered to pay restitution. On direct appeal, Ms. Huddy unsuccessfully argued her conviction should be reversed due to cumulative error. *See United States v. Huddy*, 62 Fed. Appx. 903 (10th Cir. 2003). However, we vacated and remanded her sentence with respect to the restitution order. *Id.* at \* 2-3.

In her § 2255 petition, Ms. Huddy argued her conviction should be vacated because her trial counsel was ineffective during pre-trial proceedings. In particular, she alleged her trial counsel failed to investigate or negotiate the possibility of a plea bargain, failed to advise her of the risks of going to trial, and failed to inform her of a possible plea bargain offered by the prosecution. Engaging in the established analysis required by *Strickland v. Washington*, 466 U.S. 668 (1984), the district court disposed of each of Ms. Huddy's claims. It subsequently declined to grant a COA. Although Ms. Huddy has not submitted an explicit application for a COA as required by 28 U.S.C. § 2253(c), we construe her notice of appeal and accompanying brief as a COA application. *See* FED. R. APP. P. 22(b)(2).

A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack*, 529 U.S. at 484. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* In applying for a COA, Ms. Huddy is not required to prove the merits of her case, but she must demonstrate "something more than the absence of frivolity or the existence of mere good faith on [her] . . . part." *Id.* at 338 (internal quotations and citation omitted). With these principles in mind, we have carefully reviewed Ms. Huddy's brief, the record of these proceedings, and the district court's order. In so doing, we do not find debatable the district court's denial of Ms. Huddy's petition for habeas relief.

The district court held an evidentiary hearing at which Ms. Huddy and her trial attorney testified, giving the court an opportunity to assess their credibility. In rejecting Ms. Huddy's ineffective assistance of counsel claims, the district court first noted there was no merit to her assertion that her counsel was ineffective for failing to initiate plea negotiations. The court found that Ms. Huddy had repeatedly asserted her innocence, forcefully told her attorney she was not interested in any plea negotiations, and claimed she wanted an attorney who would take her case to trial. The district court further noted that even if her attorney's actions had somehow been deficient under *Strickland*, Ms. Huddy still

would be unable to establish that her attorney's performance prejudiced her under the standard set forth in *United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995). Ms. Huddy could not show the prosecution was interested in entering into plea negotiations, the court retained discretion as to whether to accept any such plea, and it was not guaranteed that Ms. Huddy's sentence would have been any lower as a result of a plea bargain. *Id.*

The district court's analysis was similar regarding Ms. Huddy's claim that her attorney failed to inform her of the risks of going to trial. The court pointed to a variety of evidence indicating Ms. Huddy's attorney informed her of such risks, along with evidence of Ms. Huddy's own knowledge springing from separate criminal charges for which she had previously entered into a plea agreement with the government. The court also noted that Ms. Huddy had been informed by the court itself of the risks attendant to going to trial. Consequently, any alleged deficiency on the part of her attorney was not prejudicial. Finally, the court rejected Ms. Huddy's claim that her counsel failed to inform her of a possible plea bargain offer from the prosecution. The record clearly established that no such offer existed.

Having reviewed the court's order denying Ms. Huddy's § 2255 petition in light of the standards laid out in *Miller-El* and *Slack*, we conclude that reasonable jurists would not debate the district court's ruling. Accordingly, we **DENY** Ms.

Huddy's request for a COA and **DISMISS** her appeal.[1]

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[1]On appeal, Ms. Huddy asserted additional claims as to the ineffective assistance of her counsel, as well as an entirely new charge claiming she was denied a hearing by a detached and neutral judge in the course of the denial of her § 2255 motion.  Because Ms. Huddy did not raise these arguments below, we deem them waived.  *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1239 (10th Cir. 2000) (failure to timely seek disqualification of judge on grounds of bias waives issue on appeal); *United States v. Stenzel*, 49 F.3d 658, 661 (10th Cir. 1995) (failure to make timely objection on recusal question waives issue on appeal).  In any event, we have reviewed the transcript of the evidentiary hearing and are not persuaded it shows bias on the part of the district court.