UNITED STATES of America,
Plaintiff–Appellee,

v.

Judy Melinda BOONE, Defendant–
Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Gerard Anthony GREENFIELD,
Defendant–Appellant.

Nos. 93–4174, 93–4184.

United States Court of Appeals,
Tenth Circuit.

July 31, 1995.

Bruce C. Lubeck, Asst. U.S. Atty. (Scott Matheson, Jr., U.S. Atty. with him on the brief), Salt Lake City, UT, for plaintiff–appellee.

Dixon D. Hindley, Salt Lake City, UT, for defendant–appellant, Judy Melinda Boone.

Stephen R. McCaughey, Salt Lake City, UT, for defendant–appellant, Gerard Anthony Greenfield.

Before KELLY and McKAY, Circuit Judges, and COOK, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

Defendants-appellants Ms. Boone and Mr. Greenfield appeal from the district court's denial of their motion to suppress evidence of PCP possession. Mr. Greenfield also appeals the court's denial of his 28 U.S.C. § 2255 ineffective assistance of counsel claim. Our jurisdiction arises under 28 U.S.C. §§ 1291, 2253 and 2255.

## Background

On August 18, 1992, Deputy Phil Barney stopped Defendants' car for travelling six miles over the speed limit. Officer Barney recorded the events that followed on audio and videotape. Upon request, the driver, Ms. Boone, handed the officer both of the Defendants' licenses and the registration. Officer Barney proceeded to write Ms. Boone a warning ticket for speeding, requested police backup, and ran checks on both Defendants and the vehicle. The registration check revealed that the vehicle belonged to a Mr. Buckmon, whom Mr. Greenfield claimed to be his cousin. The vehicle had not been reported stolen. The other checks revealed that although Ms. Boone was wanted in Maryland for forgery and that she had a prior arrest for a firearm violation; she could only be extradited to Maryland from an adjoining state.

Officer Barney asked the Defendants to step out of the car. According to Barney, Mr. Greenfield shrugged and hesitantly said "sure," but in a voice too soft to be recorded. Once the Defendants were outside the vehicle, officer Barney put their driver's licenses and the warning ticket on the front seat of the car and began his search. Upon looking under the backseat, he found a package that smelled like marijuana. At that point, the backup officer arrived.

When officer Barney stepped away from the vehicle, the Defendants got into the car and prepared to drive away. Officer Barney twice ordered the Defendants to stop, but they paid no attention. He then drew his revolver and told them to stop or he would shoot. Despite this show of force, Mr. Greenfield drove off. Officer Barney fired two shots at Mr. Greenfield's left front tire and the backup officer fired three at the left rear. None of these shots found their mark. Officer Barney and his backup gave chase at speeds of up to 100 miles per hour. During the case, officer Barney saw Ms. Boone

[†] The Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation.

throw five objects out the rear window. Finally, the Defendants' right rear tire was shot out and the car was stopped. After the officers arrested the Defendants, they went back to recover the discarded objects, which turned out to be remnants of glass bottles coated with phencyclidine ("PCP").

The district court concluded that officer Barney's original search of the Defendants' car was unlawful for lack of consent. Accordingly, the district court granted the Defendants' motion to suppress the five pounds of marijuana found in the vehicle and this ruling has not been appealed. The district court declined to suppress the PCP the officers had found on the road after the chase.

Mr. Greenfield also raised a 28 U.S.C. § 2255 ineffective assistance of counsel claim. At the evidentiary hearing, he testified that his original attorney advised him of the Sentencing Guidelines. This attorney, however, died and Mr. Greenfield retained new counsel. At first, his new counsel instructed him to plead guilty, which he declined to do. On the morning of trial, counsel, realizing the lengthy sentence called for by the Sentencing Guidelines and the lack of advantage of a guilty plea, advised that Mr. Greenfield should go to trial. At that point, Mr. Greenfield asked if he could negotiate a plea with the government. Counsel contacted the prosecutor and was told that it was too late for a plea agreement. Mr. Greenfield was advised by his counsel to take the stand and testify that the owner of the drugs was his codefendant, Ms. Boone. Mr. Greenfield refused, but did agree to testify that he went to California only to obtain marijuana and did not know of the PCP's existence until they were stopped by Officer Barney. According to Mr. Greenfield, this testimony was false, but he gave it at the behest of counsel.

### A. Discussion

Defendants contend that the district court erred by denying their motion to suppress the PCP as evidence because its discovery was irreparably tainted by the illegality of Officer Barney's car search. We review the factual findings underlying the district court's denial of Defendants' motion to suppress under a clearly erroneous standard;

Fourth Amendment reasonableness is a question of law reviewed de novo. *United States v. McSwain*, 29 F.3d 558, 560–61 (10th Cir.1994).

■ Generally, evidence that is acquired because of prior illegal activity must be excluded as the fruit of that illegality. *Wong Sun v. United States*, 371 U.S. 471, 484–85, 83 S.Ct. 407, 415–16, 9 L.Ed.2d 441 (1963). In *Wong Sun*, the Supreme Court explained that the discovery of evidence subsequent to a primary illegality does not necessarily make the evidence the product of an " 'exploitation of that illegality.' " The question to be answered is whether the evidence complained of has been obtained " 'by means sufficiently distinguishable to be purged of the primary taint.' " *Id.* at 488, 83 S.Ct. at 417 (citation omitted). Likewise, if the Defendants' abandonment of the evidence was the result of illegal police activity, its abandonment does not guarantee admissibility. *See United States v. Ward*, 961 F.2d 1526, 1535 (10th Cir.1992). Yet, if the abandonment is sufficiently attenuated from Officer Barney's illegal car search, then the evidence may be admitted at trial. *See United States v. King*, 990 F.2d 1552, 1563–64 (10th Cir. 1993); *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir.1973) (en banc).

■ In *Brown v. Illinois*, 422 U.S. 590, 603–04, 95 S.Ct. 2254, 2261–62, 45 L.Ed.2d 416 (1975), the Supreme Court articulated three factors by which a court may determine if seized evidence has been purged of the taint of the original illegality. The first factor is the lapsed time between the illegality and the acquisition of the evidence. *Id.* at 603, 95 S.Ct. at 2261. In the case at hand, the lapsed time is not sufficient to attenuate.

■ The second factor is the purpose and flagrancy of the official misconduct. *Id.* at 604, 95 S.Ct. at 2262. Here, the police officer acted upon a mistaken belief that Mr. Greenfield had consented to the search. While this error rises to the level of a Fourth Amendment violation, it does not qualify as flagrant misconduct that would tilt the scales against attenuation.

■ The third factor is the presence of intervening circumstances. *Id.* at 603–04, 95 S.Ct. at 2261–62. We find this factor to be determinative in this case. When officer Barney stepped away from the car, Defendants jumped in, ignored the officer's call to stop, fled the scene at a high speed, and voluntarily threw bottles of PCP out of the car. While it is true that a criminal defendant's voluntary abandonment of evidence can remove the taint of an illegal stop or arrest, it is equally true that for this to occur, the abandonment must be truly voluntary and not merely the product of police misconduct. *See King,* 990 F.2d at 1564–65; *Colbert,* 474 F.2d at 176.

Clearly, we do not condone officer Barney's original search, nor the shots fired at the Defendants, who, according to the officer's testimony, were free to leave the scene of the original search, but Defendants do not contend that they discarded the PCP as a result of any illegal action by the officers. In the absence of subsequent illegal conduct, we cannot find that the Defendants' decision to throw bottles of PCP out the window of their car was the product of officer Barney's illegal car search. To conclude otherwise would be to apply a "but for" test, which the Supreme Court has specifically rejected. *See Brown,* 422 U.S. at 603, 95 S.Ct. at 2261. Instead, we view the Defendants' decision to discard evidence as independent and voluntary, and sufficient to cut the link to Officer Barney's car search. *See United States v. Morgan,* 936 F.2d 1561, 1570–71 (10th Cir.1991) (defendant's decision to discard evidence without any mind to its protection from inspection qualifies as voluntary abandonment that is sufficient to attenuate), *cert. denied,* 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed.2d 431 (1992). As in *Morgan,* the evidence "would have been plainly visible to those passing by" and no one "was present at the scene to provide protection of the [evidence] or assist in its recovery." *Id.* at 1571.

■ It is true that Defendants threw the bottles out of the vehicle and onto the road while being chased, but police pursuit alone is not enough to "render [an] abandonment involuntary." *Id.* at 1570. Certainly, officer Barney's initial illegal search did not cause

the Defendants to flee at a high rate of speed or to throw bottles of PCP onto the highway. Had the Defendants left the PCP bottles in the car, we recognize that, under the unappealed decision of the district court, the police officers would not have had the right to search the car and the PCP may not have been admitted into evidence. But that is not what occurred. Under these circumstances, it would be nonsensical to hold that officer Barney had no right to collect the evidence of drug possession that Defendants voluntarily discarded onto the highway. The district court did not err by denying Defendants' motion to suppress the PCP.

## B.   Ineffective Assistance of Counsel

Mr. Greenfield claims that he received ineffective assistance of counsel in violation of 28 U.S.C. § 2255. Ineffective assistance of counsel claims are mixed questions of law and fact which are reviewed de novo; the district court's factual findings, however, will be accepted unless clearly erroneous. *Brewer v. Reynolds,* 51 F.3d 1519, 1523 (10th Cir.1995).

In order to assess Mr. Greenfield's ineffective assistance of counsel claim, we must determine "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). In order to prove this, Mr. Greenfield must show that his counsel's performance was deficient and that this deficiency prejudiced the defense. *United States v. Pena,* 920 F.2d 1509, 1518 (10th Cir.1990), *cert. denied,* 501 U.S. 1207, 111 S.Ct. 2802, 115 L.Ed.2d 975 (1991).

In analyzing the performance element, we must determine whether Mr. Greenfield's counsel acted reasonably considering all of the circumstances, or if, instead, counsel's conduct fell below an objective standard of reasonableness given prevailing norms. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064–65. If Mr. Greenfield's testimony is true, the challenged conduct involves suborning perjury, see 18 U.S.C. § 1622, which

would fall well below an objective standard of reasonableness.

 The prejudice element of *Strickland,* however, requires the Defendant to prove a reasonable probability that the outcome of the proceeding would have been different had the deficient conduct not occurred. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Mr. Greenfield testified at the evidentiary hearing that he had advised counsel of the truth before trial, i.e. that he was stopped by officer Barney upon his return from California, where he had gone to purchase PCP. Thus, Mr. Greenfield has acknowledged that he is guilty, and the incriminating evidence presented by the government established guilt beyond a reasonable doubt. No arguments advanced by Mr. Greenfield cast doubt on that evidence, and he has not suggested any way in which he might have overcome the government's strong case against him. Counsel's encouragement to lie, while satisfying *Strickland*'s first element of deficient performance, does not satisfy *Strickland*'s second element of prejudice, the likelihood of a different outcome if counsel had not provided the deficient advice.

 Mr. Greenfield also claims that counsel was ineffective because he failed to negotiate a plea with the prosecutor. Even if we assume, without deciding, that counsel's failure to negotiate with the prosecutor amounted to deficient performance under *Strickland,* Mr. Greenfield fails to satisfy the prejudice requirement. Without any showing that the prosecution was willing to enter plea negotiations with Mr. Greenfield's counsel, or that such plea would have been acceptable to the court, or that the resulting sentence would have been different than that imposed under the Sentencing Guidelines, all that the Defendant urges is speculation, not a reasonable probability that the outcome would have been different. Accordingly, he cannot establish prejudice.

 Finally, Mr. Greenfield claims that his counsel erred by originally instructing him to plead guilty and then changing his mind upon closer look at the Guidelines. When his counsel realized that pleading guilty would not be of any benefit, he advised him of the possible reduction for cooperation with the government under U.S.S.G. § 5K1.1. Mr. Greenfield decided not to participate, indicating that he knew nothing of any value to the Drug Enforcement Agency. The fact that Mr. Greenfield's counsel misunderstood and miscommunicated the Defendant's possible sentence does not constitute ineffective assistance of counsel. *See United States v. Estrada,* 849 F.2d 1304, 1307 (10th Cir.1988). Moreover, even if counsel had advised him of the correct range at an earlier stage, there is no evidence that this advice would have affected the outcome. Hence, the Defendant has not established prejudice under *Strickland.*

AFFIRMED.