**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Defendant-Appellee,

v.

ORLANDO GELL-IREN,

    Plaintiff-Appellant.

No. 99-2168
(D. N.M.)
(D.Ct. No. CIV-99-83-LH/LCS)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Orlando Gell-Iren appeals the district court's decision denying

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his 28 U.S.C. § 2255 motion.  Because the district court granted a certificate of appealability, we exercise jurisdiction under 28 U.S.C. § 2253(a) and affirm.[1]

The underlying facts concerning Mr. Gell-Iren's conviction are outlined in *United States v. Gell-Iren*, 146 F.3d 827, 829-30 (10th Cir. 1998).  In short, the government, after investigating Mr. Gell-Iren as a possible drug supplier, hired a confidential informant who arranged a drug buy between a Federal Bureau of Investigation agent and Mr. Gell-Iren.  *Id.* at 829.  During the transaction, Mr. Gell-Iren handed the agent a bag containing ten ounces of heroin.  *Id.*  Law enforcement officers then arrested Mr. Gell-Iren and subsequently found additional small amounts of heroin in his van.  *Id.*  Following his arrest, Mr. Gell-Iren made incriminating statements that he purchased the heroin, kept it overnight in his van, and delivered the heroin to the buyer.  *Id.* at 829-30.  Nevertheless, Mr. Gell-Iren pled "not guilty" and sought to suppress these statements, contending he told agents he only understood his *Miranda* rights "a little bit" and believed his statement would not be used against him.  *Id.* at 830. Based on credible evidence from agents who testified they fully informed him of his rights,

---

[1] *See Kanikaynar v. Sisneros*, 190 F.3d 1115, 1117 (10th Cir. 1999), *petition for cert. filed* (U.S. Nov. 5, 1999) (No. 99-6896).  In addition, we grant the government's motion to supplement record.

the trial court found Mr. Gell-Iren's testimony incredible, determined he voluntarily waived his rights, and allowed admission of his confession into evidence.  *Id.*

At trial, Mr. Gell-Iren testified he never knew the substance in the package contained heroin.  *Id.* at 829.  Rejecting this testimony, a jury convicted Mr. Gell-Iren of possessing heroin with intent to distribute.  *Id.* at 830.  At his sentencing hearing, Mr. Gell-Iren continued to assert his innocence, stating "Your Honor, what I have to say, I have already said it at the trial.  I told all the truth."  The trial court sentenced Mr. Gell-Iren to 94 months imprisonment.  *Id.*

Mr. Gell-Iren filed a direct appeal:  (1) claiming the trial court improperly admitted his post-arrest statement into evidence; (2) accusing the government of outrageous conduct in using an informant; and (3) claiming ineffective assistance of counsel for failure to raise either the issue of outrageous conduct or entrapment.  *Id.* at 829.  We affirmed Mr. Gell-Iren's conviction and sentence as to the first two issues, and declined to address the issue of ineffective assistance of counsel on appeal, dismissing it without prejudice.  *Id.* at 831-32.

Thereafter, Mr. Gell-Iren filed his § 2255 motion raising his claim of

ineffective assistance of counsel. Specifically, Mr. Gell-Iren claimed his trial counsel acted ineffectively by allowing him to proceed to trial rather than plead "guilty." He suggested if he had pled "guilty," he would have qualified for a sentence reduction under the United States Sentencing Guidelines, including a two-level "safety value" reduction under U.S.S.G. § 5C1.2 and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. In addition, even though his trial counsel pursued the defenses of entrapment and outrageous conduct at trial, Mr. Gell-Iren argued his trial counsel acted ineffectively in failing to raise these defenses prior to trial, and in not asking for jury instructions on those defenses.

A federal magistrate judge issued proposed findings and a recommendation Mr. Gell-Iren's § 2255 motion be dismissed, finding his trial counsel did not act ineffectively in light of Mr. Gell-Iren's continued assertion of innocence. In finding Mr. Gell-Iren continued to assert his innocence, the magistrate judge relied on Mr. Gell-Iren's counsel's attempt to suppress his confession as proof that Mr. Gell-Iren maintained his "innocence" before trial. In addition, the magistrate judge reasoned if his counsel had known his client's assertion of innocence at trial would be false, he would have had an ethical obligation either to prevent him from testifying or to withdraw from representation. As a result of

Mr. Gell-Iren's continued assertion of innocence, the magistrate judge determined it would not be "objectively unreasonable" for his counsel to forego explaining "what would happen if [he] were to accept full responsibility for the crime."[2] As to the outrageous conduct and entrapment claim, the magistrate judge determined a reasonable probability existed that any attempt by his counsel to raise these issues would have been unsuccessful in light of Mr. Gell-Iren's unsuccessful appeal of the same issues.[3]

The district court adopted the magistrate judge's proposed findings and recommendations and dismissed Mr. Gell-Iren's § 2255 motion. Thereafter, the district court granted Mr. Gell-Iren's request for a certificate of appealability,

---

[2] In this case, the district court did not hold a hearing to determine whether counsel failed to explain to Mr. Gell-Iren the consequences of his continuing to plead guilty after the suppression hearing.

[3] The magistrate judge also addressed Mr. Gell-Iren's claim that if he pled "guilty," he would have been eligible for a reduction in his sentence for "acceptance of responsibility" under U.S.S.G. § 3E1.1. The magistrate judge determined Mr. Gell-Iren's counsel's performance did not prejudice Mr. Gell-Iren because his continued assertion of innocence minimized any chance of receiving a sentence reduction for acceptance of responsibility. Although the magistrate judge did not directly address Mr. Gell-Iren's "safety value" argument under U.S.S.G. § 5C1.2, the magistrate judge found he supplied incredible and perjured testimony at his suppression hearing. Sentencing Guideline § 5C1.2(5) requires a defendant must have "truthfully provided to the Government all information and evidence" he possessed concerning the offense in order to qualify for a two-level sentence reduction.

framing the issue on appeal as:

> [W]hether it is ineffective assistance of counsel when it is asserted
> that an attorney did not explain the option of pleading guilty and
> accepting responsibility for one's crime, to a defendant when there is
> neither allegation nor any indication in the record that the defendant
> did anything accept [sic] assert his innocence to his attorney.

On appeal, Mr. Gell-Iren frames the issue somewhat differently, focusing the timing of this issue to his counsel's advice after the suppression hearing and stating "[a]t that point in time counsel had an obligation to tell [him] and should have advised him that the penalties, should he lose, were onerous."

"[W]e review the district court's legal rulings on a § 2255 motion *de novo* and its findings of fact for clear error." *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998) (citing *United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996)). Whether Mr. Gell-Iren received effective assistance of counsel is a mixed question of law and fact we review *de novo*. *United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). "To prevail on a claim of ineffective assistance of counsel, [Mr. Gell-Iren] 'must show that counsel's representation fell below an objective standard of reasonableness'" and the deficient performance prejudiced him. *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). If Mr. Gell-Iren fails to establish the second-prong of "prejudice," the claim of ineffective assistance of counsel fails even if the first prong is established.

*Strickland*, 466 U.S. at 691-92.  To show prejudice in the context of his sentence, Mr. Gell-Iren must show a reasonable probability that, but for counsel's alleged error, the outcome of his sentence would have been different.  *Cf. United States v. Boone*, 62 F.3d 323, 327 (10th Cir.), *cert. denied*, 516 U.S. 1014 (1995) (relying on *Strickland*, 466 U.S. at 694).

Because Mr. Gell-Iren's appeal limits the issue framed by the district court to only events occurring after the unsuccessful attempt to suppress his confession, we will not inquire into the reasons for Mr. Gell-Iren initially pleading "not guilty" nor the adequacy of his counsel's advice on how to plead up to that juncture.  Nevertheless, we recognize the initial decision on whether to plead guilty is a complicated one which often must be made before the evidence is in and the weight of the state's case fully assessed.  *See McMann v. Richardson*, 397 U.S. 759, 768-69 (1970) (describing, as a sensible choice, a defendant plea of "not guilty" when he and his counsel believe his confession is inadmissible).

We proceed to Mr. Gell-Iren's claim of ineffective assistance of counsel *after* the suppression hearing.  We elect to by-pass a determination as to whether his counsel acted ineffectively, instead proceeding to the prejudice prong under

*Strickland*.[4]  Even if his attorney performed ineffectively in not advising Mr.

Gell-Iren of the ramifications of the trial court's admission of his confession into

evidence, Mr. Gell-Iren fails to show how his attorney's performance caused him

prejudice.  Specifically, he does not allege nor show a willingness by the

prosecution to enter plea negotiations recommending a sentence reduction, that

such a plea would have been acceptable to the court, or that he would have been

eligible for the sentence reduction provisions at issue.  *See Boone*, 62 F.3d at 327.

Rather, Mr. Gell-Iren's continued claim of innocence at the trial and sentencing

hearing evidence his clear reluctance to accept responsibility, weighing against a

reduction under U.S.S.G. § 3E1.1.  Moreover, Mr. Gell-Iren's continued assertion

of innocence despite credible and inculpatory evidence to the contrary, together

with his failure to tell the truth at his suppression hearing, weigh against

eligibility under U.S.S.G. § 5C1.2, which requires a defendant to have "truthfully

provided to the Government all information and evidence" he possessed

concerning the offense.  *See* U.S.S.G. § 5C1.2(5).  In sum, Mr. Gell-Iren has not

shown a reasonable probability of a sentence reduction if he changed his plea to

---

[4]  We may affirm a decision on grounds not relied on by the district court if supported by the record.  *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994).  In this case, the magistrate judge premised the recommendation of dismissal of Mr. Gell-Iren's § 2255 motion primarily on the first prong of *Strickland*, although the magistrate judge did address prejudice to Mr. Gell-Iren, but in a more limited discussion.

guilty after the suppression hearing.

For these reasons, we **AFFIRM** the district court's decision.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge