**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

DANNY LEE PULLIN,

   Defendant-Appellant.

No. 00-1430
(D.C. No. 99-CR-23-B)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Danny Lee Pullin appeals his conviction for assault resulting in serious bodily injury, entered after a jury trial. He challenges the district court's denial of his motion to suppress his confession and his motion to continue the trial. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Pullin attended a party held at a military barracks. During the party, fighting broke out, and Sargent Duran arrived to subdue another soldier. Mr. Pullin, who had been drinking, threw a full beer mug that hit Sargent Duran in the head, causing severe, permanent injuries. He was arrested as he left the barracks area, at about 10:00 p.m. Upon arrest, he produced a military identification card, even though he had been discharged from the military a few weeks before this incident.

Mr. Pullin was taken to a holding area where he was left alone until 5:00 the following morning, at which time he was transferred to an interrogation room for questioning. For the first time, he revealed that he was not a soldier. He was given a Miranda advisement and interrogated for about two hours. At approximately 7:00 a.m., a different military investigator took over the questioning. Within half an hour, Mr. Pullin confessed that he had thrown the beer mug that injured Sargent Juran.

The district court held that the military police did not have probable cause to arrest Mr. Pullin, but denied suppression of his confession because the taint of

-2-

the illegal arrest had been sufficiently dissipated. The district court also denied Mr. Pullin's request to continue the trial date to permit him to locate and subpoena witnesses.

*Suppression*

We review the factual findings underlying the district court's denial of the motion to suppress for clear error, viewing the evidence in the light most favorable to the district court's holding. United States v. Caro, 248 F.3d 1240, 1243 (10th Cir. 2001). "Fourth Amendment reasonableness is a question of law reviewed de novo." United States v. Boone, 62 F.3d 323, 325 (10th Cir. 1995).

In Brown v. Illinois, 422 U.S. 590, 603-04 (1975), the Supreme Court announced the following factors to be considered when evaluating a confession made following an illegal arrest: a valid Miranda advisement, the time lapse between the arrest and the confession, any intervening circumstances, and any official misconduct. The burden is on the government to show that the confession is admissible. Id. at 604.

Mr. Pullin does not challenge the finding that he received a valid Miranda advisement. He also does not allege official misconduct on the part of the military police.

We determine that the district court's factual findings are not clearly erroneous. During the interim between his arrest and interrogation, Mr. Pullin

-3-

was held in a room with a padded bench and access to a soda machine. He was offered refreshments from time to time. He had an opportunity to rest and reflect. At the time he was interrogated, he was not intoxicated. He was able "to consider carefully and objectively his options and to exercise his free will." Taylor v. Alabama, 457 U.S. 687, 691 (1982). Under the circumstances, we hold that the taint from Mr. Pullin's illegal arrest was sufficiently dissipated to permit his confession to be admitted at his trial.

*Continuance*

Mr. Pullin moved to continue his trial so he could locate and subpoena five witnesses who were at the party. According to defense counsel, none of the witnesses saw who threw the beer mug and none would testify that Mr. Pullin was provoked by the victim. The district court found that, although counsel had been duly diligent, Mr. Pullin would not be prejudiced by denying the continuance and the prosecution would be prejudiced by a continuance.

The district court's decision to deny a continuance is reviewed for an abuse of discretion, considering the following factors: (1) the diligence of the moving party; (2) the likelihood that granting a continuance would accomplish the expressed need for one; (3) the inconvenience to the opposing party, the court and the witnesses; and (4) the harm to the moving party if a continuance is denied. United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir. 1990).

On appeal, Mr. Pullin argues that he was prejudiced because one or more of the unavailable witnesses would have "supported [his] assertion that he acted in self defense." Appellant's br., at 20. To the contrary, the testimony of the absent witnesses would not have supported Mr. Pullin's self-defense theory, but would have been merely cumulative of the evidence produced at trial. Therefore, we find no abuse of discretion in the order denying a continuance.

We AFFIRM.

Entered for the Court

Stephanie K. Seymour
Circuit Judge