**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHINH TRONG NGUYEN,

    Defendant - Appellant.

No. 09-6083
(D.C. Nos. 5:07-CV-00031-M &
5:03-CR-00189-M-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY, HOLLOWAY,** and **O'BRIEN**, Circuit Judges.[**]

---

Chinh Trong Nguyen was indicted in the United States District Court for the

Western District of Oklahoma on three counts of distributing pseudoephedrine with

reasonable cause to believe it would be used to manufacture a controlled substance in

violation of Title 21, United States Code Section 841(c)(2). A federal jury convicted him

on two counts and was unable to reach a unanimous decision on the third count. The

parties entered into a stipulation to accept the partial verdict. Nguyen was sentenced to

151 months in prison. This court affirmed his conviction and sentence. *United States v.*

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Nguyen*, 413 F.3d 1170 (10th Cir. 2005).

Subsequently, Nguyen moved to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255. Nguyen asserted eleven grounds on which his trial counsel, John Albert, was constitutionally ineffective. On September 29, 2008, the district court held an evidentiary hearing on two of the eleven claims. On March 31, 2009, the district court denied Nguyen's motion and denied his subsequent request for a certificate of appealability.

Nguyen then requested a certificate of appealability from our court on two of the eleven original claims of ineffective assistance of counsel, the same two grounds on which the district court held an evidentiary hearing. We granted Nguyen a certificate of appealability on March 5, 2010, giving us jurisdiction to hear this appeal pursuant to 28 U.S.C. §§ 1291 & 2253.

The two issues on appeal relate to the adequacy of translation provided to Nguyen at his criminal trial by the interpreter hired by Albert. Namely, the issues are: (i) whether Nguyen's trial counsel was constitutionally ineffective for hiring a translator who failed to fully, completely, and accurately translate every question and answer during the trial proceedings; and (ii) whether Nguyen's trial counsel was constitutionally ineffective for hiring a translator who instructed Nguyen to answer "no" in response to one of the trial judge's questions, resulting in Nguyen's unknowingly waiving his right to testify.

We hold that because Nguyen has not demonstrated that he was prejudiced by any alleged deficiencies of his trial counsel, we affirm the district court's denial of Nguyen's

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. FACTUAL BACKGROUND

### Defendant's Background

Nguyen was born in Vietnam. After graduating from high school in 1987, he immigrated to Germany and lived there for ten years during which he worked as a contract worker at a textile factory and attended a vocational trade school specializing in heating and air conditioning. In 1997, Nguyen moved to the United States to be closer to his family. He attended cosmetology school and was employed as a manicurist in San Jose, California. Sometime in 1997, Nguyen moved to Michigan where he met and married his wife, Mui Loc. They opened a nail salon in Michigan, which they owned and operated from 1999 until August 2001. Nguyen then worked as a manicurist at another nail salon until December of 2002.

In January of 2003, Nguyen moved to Oklahoma City and began working in the convenience store business. On or about May 15, 2003, Nguyen opened the Nutrition Store at 1507 S. Pennsylvania in Oklahoma City and closed it sometime around June of 2003. On or around June 1, 2003, Nguyen took over a convenience store and gas station located at 944 S.W. 29th Street in Oklahoma City. The store was previously called "Tammy's Food Mart," and Nguyen renamed it "Express Food Store."

### The Sting Operation

Over the course of three controlled buys in July and August of 2003, John Carroll, an Oklahoma City Police Department undercover officer working on a DEA task force,

purchased more than 10,000 pseudoephedrine pills from Nguyen. Posing as a trucker named "J.D.," Officer Carroll arranged to meet "Joe," identified at trial as Nguyen, at the Express Food Store.

On July 31, 2003, Officer Carroll went to the Express Food Store and arranged to purchase 2,500 pills for $1,000. Officer Carroll expressed concern about getting caught with twenty-five bottles of pseudoephedrine and requested that Nguyen remove the pills from the bottles and place them in a plastic container. When Officer Carroll returned the next day, Nguyen gave Officer Carroll the 2,500 pills in a plastic container in exchange for $1,000 cash, completing the first transaction. Nguyen then pocketed the cash and did not ring up the transaction on the register.

The second controlled buy took place on August 12, 2003 at the Express Food Store where Nguyen agreed to sell 2,592 pills to Officer Carroll for $1,000. After Nguyen gave Officer Carroll the pills and Officer Carroll gave Nguyen $1,000 in cash, Nguyen placed the cash in his pocket without ringing up the transaction on the register or giving Officer Carroll a receipt.

On August 15, 2003, Michelle Sanders, a DEA diversion investigator, visited the Express Food Store. She provided Nguyen a "Red Notice," which explained federal regulations governing the distribution and sale of pseudoephedrine. The notice explained that selling pseudoephedrine is a criminal offense if a seller has "reasonable cause to believe that [it] will be used to manufacture a controlled substance." Supp. R. Vol. 2 at 1. Investigator Sanders asked Nguyen whether he read and understood English, and Nguyen

- 4 -

answered affirmatively.

The third controlled buy took place on August 26, 2003. Officer Carroll had arranged to pick up 5000 pills in exchange for $2000 cash. Following the exchange, Nguyen put the cash in his pocket and did not ring up the transaction on the register. After Officer Carroll left the store, Nguyen was placed under arrest.

## The Criminal Trial

Nguyen retained attorney John Albert to represent him in his criminal proceedings. Prior to Nguyen's trial, the magistrate judge appointed Ms. Mai Do Ly[1] ("Ms. Do") to provide Vietnamese interpretation services for Nguyen's preliminary hearing and arraignment. Ms. Do had been recognized as an interpreter by several courts, including the federal district court in the Western District of Oklahoma. She was the director of the local Vietnamese public radio station.

At trial, Nguyen was represented by Albert and co-counsel Chris Daniels. Cuong Nguyen[2] ("Interpreter Nguyen") was sworn in as the interpreter. The district court did not inquire into Interpreter Nguyen's qualifications to translate for the proceedings. Interpreter Nguyen was not on the list of Vietnamese interpreters used by the district court to provide Vietnamese-to-English language translation services.

---

[1] At her testimony in the evidentiary hearing, she introduced herself as "Marlene Mai Ly Do." To maintain consistency with our order granting Nguyen's certificate of appealability, we will refer to her as "Ms. Do."

[2] Cuong Nguyen was also referred to in the proceedings and briefing as "Fred Nguyen" or "Luong Nguyen." To avoid confusion with the defendant, we will refer to the interpreter as "Interpreter Nguyen."

During the trial the trial judge, Judge Wayne Alley, directly addressed Nguyen twice to verify Nguyen's understanding of his rights and the consequences of any decision he would have to make on two matters. R. Vol. 5 at 124-25. First, the parties entered into a stipulation that the pills sold to Officer Carroll in all three transactions contained pseudoephedrine. Recognizing "the language circumstances" in the case, Judge Alley wanted to confirm with Nguyen that he understood and agreed to this stipulation. *Id.* at 124. Second, Judge Alley explained to Nguyen that it was Nguyen's "personal decision whether to testify or not." *Id.* at 125. If he chose to testify, he would be subject to cross-examination. *Id.* If Nguyen elected not to testify, the jury would be instructed that "no inference of guilt could be drawn from that decision." *Id.* At the end of his explanation, Judge Alley asked Nguyen, "[d]o you understand what I've stated?" *Id.* at 126. Nguyen responded, "Yes, sir." *Id.* After the government rested its case, the Court granted a ten-minute recess. When the parties returned, Albert indicated to the court that Nguyen would not testify. At no point did Nguyen tell the trial judge that he wanted to testify or that he did not understand his right to testify. R. Vol. 3 at 22-23.

The jury convicted Nguyen on two counts and was unable to reach a unanimous verdict on the third count. The parties stipulated to accept a partial verdict on the first two counts. Nguyen was then sentenced to 151 months in prison. Further details on the sting operation and trial can be found in our decision affirming Nguyen's conviction and sentence. *Nguyen*, 413 F.3d 1170.

## The Evidentiary Hearing on Nguyen's § 2255 Motion

At the evidentiary hearing on Nguyen's motion to vacate, Nguyen testified that during his criminal trial, Interpreter Nguyen did not translate the statements made by witnesses but would instead just tell Nguyen whether the witness said something good about him or something bad about him. When Nguyen asked Interpreter Nguyen questions about the proceedings, he was told not to question the proceedings and to just "leave that to your attorney and he will take care of everything; you don't need to know anything." R. Vol. 3 at 15-16.

Nguyen further testified that after the trial judge asked whether or not he understood his right to testify, Nguyen said he "did not understand fully the question but at that time [Interpreter] Nguyen, he told me to say whatever he say and I just followed him." *Id.* at 22. Interpreter Nguyen instructed Nguyen whether to answer "yes" or "no" in response to the judge's questions. *Id.* at 18-19. Instead of translating the trial judge's explanation of his right to testify, Nguyen testified that "[Interpreter Nguyen] just say, '[j]ust repeat whatever [Interpreter Nguyen] say.'" *Id.* at 23. Nguyen further testified that at trial Albert, through Interpreter Nguyen, had not discussed the right to testify with him.

Nguyen testified that he did not tell Albert that Interpreter Nguyen was an inadequate interpreter because he did not know how court proceedings were supposed to work. Nguyen testified that he was afraid and scared. During trial, when he asked

- 7 -

questions, it seemed like Interpreter Nguyen and/ or Albert[3] were not happy about it so he avoided asking questions.

Nguyen testified at the hearing on his motion to vacate, saying that the night before trial, he told Albert that he wanted to be a witness so he needed an interpreter and that he, Nguyen, specifically requested Ms. Do. Nguyen also testified that in response to his request, Interpreter Nguyen informed Nguyen that Albert did not want to pay for Ms. Do's interpretation services. Nguyen was not told that the court was obligated to provide him an interpreter at no cost if he were to request one. Nguyen further testified that he believed that Interpreter Nguyen was paid by Albert for referring clients to Albert.

At the evidentiary hearing, Ms. Do testified that Interpreter Nguyen was known as a "runner" in the Vietnamese community, or someone who "would introduce you to different attorneys and try to sign you up." *Id.* at 38. Ms. Do further testified that if she had to hire an interpreter for something she needed done, she would not hire Interpreter Nguyen.

Ads from various newspapers in the Vietnamese community were introduced as evidence at the evidentiary hearing, and they reflected advertisements by Interpreter Nguyen as an office manager for Albert and several other attorneys.

---

[3] The testimony is ambiguous as to whether Nguyen was referring to Interpreter Nguyen or Albert. At the evidentiary hearing, the following statements were made:

Q.     Were you afraid of [Interpreter] Nguyen or Mr. Albert?

A.     Everytime [sic] I asked him something it seemed like he was not very happy about it, so that's why I avoided asking him questions.

R. Vol. 3 at 17, lines 15-18.

**Potential Evidence Proffered by Nguyen on His § 2255 Motion**

Nguyen asserts that he wanted to testify at his trial. Although Nguyen did not offer the substance of his anticipated testimony in his appellate briefing, Nguyen submitted his motion to vacate to the district court as part of the record on this appeal. With it, Nguyen filed an affidavit (R. Vol. 1 at 98-109 (Affidavit of Chinh Trong Nguyen)) [hereinafter Nguyen Aff.], declarations from Thu Phan (R. Vol. 1 at 114) [hereinafter Phan Decl.], from Nam Luu (R. Vol. 1 at 116) [hereinafter Luu Decl.], and from Nguyen's wife, Mui Loc (R. Vol. 1 at 143-146) [hereinafter Loc Decl.], and documentary evidence that was not introduced at trial.

Two of the declarants stated that as a matter of store policy, only $200 was kept in the cash drawer at the Express Food Store. Phan Decl. ¶ 2; Luu Decl. ¶ 4. The money was to be put in a safe after the customer making the payment had left in order to keep the location of the safe secure and unknown to customers. Luu Decl. ¶ 4. With respect to the three transactions with Officer Carroll, Nguyen states in his affidavit that he rang up the sales on the cash register and placed the cash in the store safe after Officer Carroll left the Express Food Store. R. Vol. 1 at 75 (Mot. to Vacate at 45). Nguyen attached an Oklahoma State Sales Tax Report for the Express Food Store from August of 2003, overlapping with the period Officer Carroll purchased pseudoephedrine from the Express Food Store. *Id.* at 151-152 (Mot. to Vacate Ex. XI) (also attaching a July 2003 Tax Report for the Nutrition Store). The tax report does not itemize sales that would reflect the sales to Officer Carroll, but Nguyen states in his affidavit that the cash register rolls

from that period reflected those sales, although the tapes are no longer available. *Id.* at 76 (Mot. to Vacate at 46).

Nguyen stated in his affidavit that he understood the Red Notice as a warning not to sell pseudoephedrine to minors. Nguyen Aff. ¶ 32. Nguyen explained this understanding about the Red Notice to his employee, Luu. *Id.* ¶ 32; Luu Decl. ¶ 5.

Nguyen introduced evidence that at least two wholesalers referred to him as "Joe." R. Vol. 1 at 148-49. Nguyen introduced himself as "Joe" to customers of his nail salon in Michigan, even before coming to Oklahoma City. Loc Decl. ¶¶ II-III. He did this because "Joe" was easier to pronounce than his Vietnamese name. R. Vol. 1 at 76 (Mot. to Vacate at 46); Loc Decl. ¶¶ II-III.

Nguyen stated in his affidavit that he sold the pseudoephedrine on a per-pill count because Officer Carroll wanted to buy in "unit of pill." R. Vol. 1 at 103 (Nguyen Aff. ¶ 25). Nguyen introduced evidence that a 36-count bottle of pseudoephedrine sold for $12.99 (Phan Decl. ¶ 2; Nguyen Aff. ¶ 25), or roughly $0.36 per pill. Nguyen Aff. ¶ 25.

## II. ANALYSIS

Nguyen raises two issues on appeal, both challenging the constitutional adequacy of his trial counsel in his criminal trial proceedings. To be granted relief on a claim of ineffective assistance of counsel, Nguyen must show (i) that his counsel's performance "fell below an objective standard of reasonableness" and (ii) that he has been prejudiced by the deficiencies in his counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

To satisfy *Strickland's* first prong, Nguyen must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. We must also then determine under that prong, whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* To show prejudice under *Strickland's* second prong, Nguyen must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* However, "speculation . . . cannot establish prejudice." *United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995). It is permissible for a reviewing court to proceed directly to the prejudice analysis. *United States v. Gonzalez*, 596 F.3d 1228, 1233 (10th Cir. 2010) (citing *Strickland*, 466 U.S. at 697). The district court's legal rulings are reviewed de novo and its findings of fact are reviewed for clear error. *Id.* at 1232 (citing *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006)).

**Whether Albert was Constitutionally Ineffective for Failing to Provide an Interpreter who Completely and Accurately Translated the Trial Proceedings**

Nguyen's first claim is that Albert was constitutionally ineffective for hiring a translator who failed to fully, completely, and accurately translate each question and answer at trial; Nguyen argues that this deficiency prejudiced Nguyen because he was unable to assist his trial counsel with cross-examination. Yet, Nguyen does not articulate any avenues of cross-examination that were unaddressed by his counsel, what further

- 11 -

evidence would have been before the jury had those avenues been explored, or how any such evidence would support a reasonable probability that the outcome of his trial would turn out differently. Thus, we hold that Nguyen has failed to meet his burden to show that he has been prejudiced by any deficiencies relating to the lack of complete and accurate translation at trial.

To be clear, the facts of Nguyen's case are troubling for many of the reasons detailed in our order granting Nguyen's certificate of appealability. If Nguyen had challenged the adequacy of the interpretation he received on direct appeal under the Court Interpreters Act, 28 U.S.C. § 1827, the analysis here might be different. However, Nguyen has waived any claim under the Court Interpreters Act, and he has not met his burden of showing prejudice under his instant claim of ineffective assistance of counsel.

**Whether Albert was Constitutionally Ineffective Because Interpreter Nguyen Instructed Nguyen to Answer "No," Resulting in Nguyen's Unknowing Waiver of His Right to Testify**

Nguyen's second claim is that Albert was constitutionally ineffective because he hired a translator who caused him to unknowingly waive his right to testify by instructing him to answer "no" in response to one of the trial judge's questions, prejudicing Nguyen by depriving him of his right to present a defense on his own behalf. Before proceeding to the merits of Nguyen's claim, we must clarify that the factual premise for Nguyen's argument is erroneous. Our review of the trial transcript indicates that Nguyen never said "no." After the trial judge explained the right to testify to Nguyen, the government rested

its case, and Albert requested a 10-minute recess.  Following the recess, the following

statements were made:

> THE COURT:     Have you come to a decision about the presentation of
> the defense case?
> MR. ALBERT:    We rest, and I talked to Mr. Daniels and the defendant,
> Your Honor.
> THE COURT:     And in that connection, I take it that Mr. Nguyen
> communicated to you his decision not to testify?
> MR. ALBERT:    Yes, Your Honor.

R. Vol. 5 at 152.  Thus, Nguyen's waiver was through his trial counsel rather than by

answering "no" to any one of the trial judge's questions.

Assuming, *arguendo*, that Nguyen unknowingly waived his right to testify,

Nguyen does not describe the testimony that he would have given.  Rather, Nguyen

argues only that Interpreter Nguyen's failure to translate the trial court's statements

regarding his right to testify deprived Nguyen of a fundamental right, "and thereby

prejudiced his right to present a defense on his own behalf."  Appellant Br. 15.  Nguyen's

§ 2255 motion before the district court included an affidavit from Nguyen as well as three

declarations from individuals, none of whom testified at Nguyen's criminal trial.

Assuming, *arguendo*, that Nguyen would testify to the substance in his affidavit, he still

fails to articulate how his testimony would create a reasonable probability that his

criminal trial would have turned out differently.  Thus, Nguyen has not met his burden

under *Strickland* to show that he was prejudiced by any unknowing waiver of his right to

testify.

- 13 -

### III. CONCLUSION

Thus, we **AFFIRM** the district court's denial of Nguyen's motion to vacate, set aside, or correct his sentence.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge