FILED
United States Court of Appeals
Tenth Circuit

June 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

EVERETT LEE SUNIGA, a/k/a Solo,

     Defendant - Appellant.

No. 11-5142
(D.C. No. 4:10-CR-00086-GKF-2)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

This is a direct appeal by Everett Lee Suniga following his plea of guilty to one count of conspiring to distribute and to possess with intent to distribute more than 500

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The sole issue raised by Suniga on appeal is whether his sentence of 292 months of imprisonment is substantively unreasonable. After applying an abuse of discretion standard of review, we conclude that the sentence imposed was not substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Pursuant to a plea agreement, Suniga pled guilty to one count of conspiring to distribute and to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The district court calculated the advisory guidelines range at 292 to 365 months, based in part on the defendant's extensive criminal history. Suniga's criminal history resulted in more than double the criminal history points necessary to qualify him for the highest criminal history category. Suniga requested a five-level downward variance to a sentence of fifteen years based on his "horrific times as a child" and his status as a "compassionate caring man who takes care of his family." Record on Appeal (ROA), Vol. 2 at 114. The government opposed the motion. After considering the motion and the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court determined that a sentence of 292 months' imprisonment was sufficient but not greater than necessary to achieve the purposes of § 3553(a).

Suniga timely appealed, challenging only the substantive reasonableness of his sentence. Specifically, Suniga contends that the district court failed to give sufficient weight to Suniga's experiences as a child and gave too much weight to the advisory

2

guidelines.

We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." United States v. Tatum, 518 F.3d 769, 770-71 (10th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 46, 51 (2007)). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Regan, 627 F.3d 1348, 1352 (10th Cir. 2010) (internal quotation marks and citations omitted). "[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." United States v. Sells, 541 F.3d 1227, 1239 (10th Cir. 2008).

Further, in a case like this, where a sentence falls within the properly calculated guideline range and is later challenged on appeal, we presume that the sentence is substantively reasonable. United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." Id. Section 3553(a) requires the court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in that section. Factors assessed in making this determination include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant;

> . . . ;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [by Congress or the Sentencing Commission policies and guidelines for crimes of this type];

. . . ;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a).

The district court did consider Suniga's difficult childhood, ROA, Vol. II at 114–18, but found that the defendant's childhood did not mitigate Suniga's "violent criminal history and his gang involvement." Id. at 116. Further, the court considered the other appropriate factors under § 3553(a) and found that "such a severe penalty is warranted in this case to provide not only deterrence to this defendant and others, but to adequately protect the public from the dangers posed by this defendant." Id. Suniga has failed to rebut the presumption that his within-guideline range sentence is substantively reasonable. Thus, the district court did not abuse its discretion by imposing a 292-month

sentence.

For these reasons, we AFFIRM the district court's sentence.

Entered for the Court


Mary Beck Briscoe
Chief Judge