**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EVERETT LEE SUNIGA,

    Defendant - Appellant.

No. 14-5141
(D.C. Nos. 4:13-CV-00630-GKF-PJC and
4:10-CR-00086-GKF-2)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Everett Suniga, a federal prisoner appearing pro se,[1] seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Suniga is proceeding pro se, we construe his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

**I**

Suniga pled guilty to a methamphetamine-related charge, and his sentence was affirmed on direct appeal. United States v. Suniga, 467 F. App'x 798, 799 (10th Cir. 2012) (unpublished). As part of his plea agreement, Suniga waived the right to collaterally attack his sentence, except by way of an ineffective assistance claim that challenged the validity of the plea or the waiver agreement. Suniga subsequently submitted a § 2255 motion to vacate his sentence that alleged, among other things, ineffective assistance of counsel during the plea process. The district court determined that Suniga's claims were barred by his waiver, and that, even were they not barred, Suniga failed to show that either the plea or the waiver was invalid. It denied a COA.

**II**

We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Suniga must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

"A plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." United States v. Cockerham, 237 F.3d 1179,

1187 (10th Cir. 2001). Even if we assume that Suniga's claims fall within the Cockerham exception, they fail to meet the requirements for relief.

Strickland v. Washington, 466 U.S. 668 (1984), establishes that Suniga's ineffective assistance of counsel claim can only succeed if his counsel's performance fell below an objective standard of reasonableness and he suffered prejudice as a result. Id. at 687-88, 694. Suniga offers no factual allegations indicating that his counsel's performance in securing a plea agreement was objectively unreasonable or that there was a reasonable probability that the government or the court would have accepted any alternative proposal. See United States v. Boone, 62 F.3d 323, 327 (10th Cir. 1995) ("Without any showing that . . . such plea would have been acceptable to the court, or that the resulting sentence would have been different than that imposed . . . all that the Defendant urges is speculation."). He additionally claims the district court should have scheduled an evidentiary hearing, but we see no basis for concluding that such a hearing would have advanced his argument. Cf. United States v. Moya, 676 F.3d 1211, 1214 (10th Cir. 2012) ("Given the conclusory nature of Defendant's allegations, the district court's denial of an evidentiary hearing was not an abuse of discretion.").

**III**

We **DENY** a COA and **DISMISS** the appeal.  Suniga's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge