**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

COREY ALLAN DONALDSON,

     Defendant - Appellant.

No. 16-8003
(D.C. Nos. 2:14-CV-00153-ABJ and
1:13-CR-00045-ABJ-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Corey Donaldson, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to challenge the denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

Donaldson was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to 70 months' imprisonment. We affirmed his conviction and sentence on direct appeal. United States v. Donaldson, 567 F. App'x 647 (10th Cir. 2014). Donaldson then filed a § 2255 motion in the district court raising three grounds for relief: (1) failure by the prosecutor to disclose an alleged agreement with

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a government witness; (2) ineffective assistance of counsel; and (3) due process violations. The district court denied relief on the merits and declined to grant a COA. Donaldson now seeks a COA from this court.

## II

A prisoner may not appeal the denial of relief under § 2255 without a COA. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Under this standard, Donaldson must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

In his first claim for relief, Donaldson asserts that the government failed to disclose agreements between a witness and various law enforcement entities as required by Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). To prevail on such a claim, a movant must show: "(1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material." United States v. Ford, 550 F.3d 975, 981 (10th Cir. 2008) (quotation omitted). Evidence is material if there is "a reasonable probability that the result of the trial would have been different if the suppressed [evidence] had been disclosed to the defense." Id. (quotation omitted).

We agree with the district court that Donaldson has not established materiality. Even assuming an undisclosed agreement existed, the witness in question merely

2

testified that he called police when he saw Donaldson several weeks after the crime, which led to Donaldson's arrest. And we have previously held that impeachment evidence is not material with respect to a witness who merely provides background information regarding an investigation. See United States v. Reese, 745 F.3d 1075, 1088 (10th Cir. 2014). Further, the information is not material in light of the overwhelming evidence against Donaldson, including his confession.

Donaldson also claims that counsel was ineffective at sentencing and in plea negotiations. To succeed on an ineffective assistance claim, a prisoner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Although Donaldson proceeded pro se at trial, he argues that standby counsel was acting as full counsel at the time of the sentencing hearing. A defendant who has validly waived counsel does not have an absolute right to have counsel re-appointed and must instead request re-appointment from the district court. United States v. Merchant, 992 F.2d 1091, 1095 (10th Cir. 1993). Donaldson did not submit such a request. Nevertheless, even assuming that standby counsel had been re-appointed, his performance was not deficient.

Donaldson asserts that counsel made various disparaging comments about him at the hearing. But Donaldson deceptively quotes out of context. For example, counsel did not call Donaldson's story "ridiculous," but instead argued that it did not matter whether one considered Donaldson's justification for his crime "wonderful" or "ridiculous." Rather than disparaging Donaldson, counsel argued that Donaldson was unlikely to reoffend and deserved a low sentence.

Donaldson also claims that counsel was ineffective in failing to negotiate a favorable plea bargain before Donaldson elected to represent himself. The record shows that counsel accurately predicted Donaldson's Guidelines range and urged him to plead guilty to obtain credit for acceptance of responsibility, but that Donaldson elected not to plead guilty. To prevail on a claim that counsel was ineffective in failing to negotiate a favorable plea deal, Donaldson was required to show a reasonable probability that the prosecution would have been willing to enter into a favorable agreement. United States v. Boone, 62 F.3d 323, 327 (10th Cir. 1995). Donaldson did not allege facts indicating such a deal was possible, and the strength of the evidence against him suggests otherwise. Accordingly, Donaldson has not shown prejudice.[1]

---

[1] Donaldson argued 21 specific instances of ineffective assistance below, but does not address most of those sub-claims on appeal and has accordingly waived them. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998). The district court did not explicitly and independently analyze all of Donaldson's 21 sub-claims, and rejected his plea negotiation sub-claim in summary fashion. Because we conclude that reasonable jurists could not debate the denial of that sub-claim, however, Donaldson is not entitled to a COA.

In his last substantive claim, Donaldson argues that he was denied due process because standby counsel interfered with his right to self-representation and his legal files were improperly confiscated. With respect to the former claim, we conclude Donaldson has not shown interference with his right to proceed pro se. See McKaskle v. Wiggins, 465 U.S. 168, 174 (1984) ("The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." (italics omitted)). Donaldson argues that he was misled into believing that standby counsel was acting as full counsel at the sentencing proceeding. But he was not prevented from advancing any arguments at sentencing. And the record shows that the district court considered numerous filings submitted by Donaldson prior to the sentencing hearing. As to the seizure of his legal files, Donaldson fails to identify any potentially meritorious arguments he would have made but for the claimed confiscation or to otherwise explain how his trial was affected. See Green v. Johnson, 977 F.2d 1383, 1390 (10th Cir. 1992) (prisoner claiming access-to-courts violation must establish prejudice).

Finally, Donaldson complains that the district court failed to adequately analyze his claims and motions. Our review of the record demonstrates that the district court adequately considered Donaldson's clams in a fifteen-page order. A § 2255 motion may be decided on the papers unless the prisoner alleges specific facts that, if proven, would warrant relief. Eskridge v. United States, 443 F.2d 440, 443

5

(10th Cir. 1971).  The district court also provided sufficient explanation for its denials of Donaldson's various and often repetitious motions.


## III

For the foregoing reasons we **DENY** a COA and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge