**UNITED STATES COURT OF APPEALS**

**January 9, 2009**

**Elisabeth A. Shumaker**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff–Appellee,

                                    No. 08-2122
v.                                                     (D.C. No. 1:04-cv-01026-WJ-ACT)
                                    (D.N.M.)

MARVIN JOHN COBB,

        Defendant–Appellant.

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Marvin John Cobb, a federal prisoner proceeding pro se, was denied habeas

corpus relief pursuant to 28 U.S.C. § 2255. He filed several motions challenging

that denial, but these motions too were denied. He then filed a Federal Rule of

Civil Procedure 59(e) motion to alter or amend the judgment, and he now appeals

the denial of this motion.[1] We conclude that Cobb must obtain a certificate of

---

[1] Cobb has now been released from prison. Because he is serving a
sentence of supervised release, his challenges to his conviction and sentence are
not moot. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (a challenge to a
conviction is not moot while collateral consequences flow therefrom); United
States v. Vera-Flores, 496 F.3d 1177, 1180 (10th Cir. 2007) (a defendant serving
a term of supervised release "may challenge his sentence if his unexpired term of
                                                     (continued...)

appealability ("COA") to appeal this denial. Because we see no basis for granting one, we deny Cobb's appeal.

Cobb filed a § 2255 petition for habeas relief on September 10, 2004. He sought to challenge his conviction and sentence for marijuana possession, arguing that his attorney was ineffective for failing to raise his post-traumatic stress disorder at trial and at sentencing, and that his guilty plea was involuntary. After a response from the government, the district court adopted the magistrate's proposed findings and recommended disposition, overruled Cobb's objections, and dismissed his petition on its merits on April 14, 2005. This court then denied a COA. United States v. Cobb, 156 F. App'x 82 (10th Cir. 2005).

Nearly two years later, Cobb began filing a spate of motions seeking to revisit the merits of his petition. These included a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1), two motions for summary judgment, and a motion for a new trial or modification of sentence. The district court denied all of these in a single order on October 16, 2007 (the "October 16 order").

---

[1](...continued)
supervised release could be reduced or eliminated by a favorable appellate ruling"). Liberally construing Cobb's claims, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we agree that a holding that counsel was ineffective at Cobb's sentencing hearing could affect the term of supervised release imposed at resentencing.

Cobb then filed a timely Federal Rule of Civil Procedure 59(e) motion to alter or amend the October 16 order, arguing that the district court had neglected to fully decide his motion for a new trial or modification of sentence. When the court failed to rule on his Rule 59(e) motion for several months, he filed a motion for a writ of mandamus in both the district court and this court on May 12, 2008. The district court then denied his 59(e) motion in an order dated May 20, 2008 (the "May 20 order").[2] Regarding Cobb's request for a new trial, the court found that the motion was not cognizable under Federal Rule of Criminal Procedure 33 because Cobb was never tried in the first place, but rather, pleaded guilty. See United States v. Gordon, 4 F.3d 1567, 1572 n.3 (10th Cir. 1993). Regarding the requested reduction of sentence, the court found that it lacked power to grant such relief because none of the circumstances specified in 18 U.S.C. § 3582(c), which lists all situations in which a district court may modify a sentence, applied. Cobb now appeals from the May 20 order.

Section 2253(c)(1)(B) of Title 28 of the United States Code requires issuance of a COA before appeal may be taken from "the final order in a proceeding under section 2255." Because the purpose of the COA requirement "is to prevent frivolous cases from clogging appellate dockets and to promote

_____

[2] Because the district court entered an order addressing Cobb's 59(e) motion, this court denied his motion for a writ of mandamus as moot. The district court also denied Cobb's motion for a writ of mandamus in that court, determining that the motion was more properly filed before us.

finality," Dulworth v. Jones, 496 F.3d 1133, 1136 (10th Cir. 2007) (quotation omitted), we have interpreted this provision broadly, requiring a COA as a prerequisite to appeal from any final order in a habeas corpus proceeding, id. at 1135-36. In particular, we require a COA to appeal the denial of a Federal Rule of Civil Procedure 60(b) motion to reconsider denial of a § 2255 motion, because "it would be illogical that a COA would be required to appeal from a habeas judgment, but not from the district court's order denying Rule 60(b) relief from such a judgment." Spitznas v. Boone, 464 F.3d 1213, 1217-18 (10th Cir. 2006). This reasoning applies equally to motions under Rule 59(e) challenging the denial of a § 2255 motion. Like a Rule 60(b) motion, a Rule 59(e) motion asks the district court to reconsider its judgment on the merits; the differences between the two are primarily procedural. Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (explaining that, unlike a Rule 60(b) motion, a Rule 59(e) motion must be filed within 10 days of the challenged order and tolls the time for filing a notice of appeal from that order). Accordingly, Cobb may not appeal the district court's final order denying his Rule 59(e) motion unless we issue a COA.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a petitioner is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the petition

- 4 -

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, no reasonable jurist could disagree with the district court's procedural ruling on Cobb's motion for reconsideration.  For the reasons stated by that court in the May 20 order, neither Federal Rule of Criminal Procedure 33 nor 18 U.S.C. § 3582(c) could offer Cobb any relief from his conviction or sentence at the time he filed his motion for new trial or reduction of sentence.

We **DENY** a COA, **DISMISS** the appeal, and **DENY** Cobb's motion to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge