**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2012**

UNITED STATES COURT OF APPEALS

**Elisabeth A. Shumaker**
**Clerk of Court**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TODD SUMMERS,

    Defendant-Appellant.

No. 11-8083
(D.C. No. 2:09-CR-00099-NDF-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

After Todd Summers pleaded guilty to several drug trafficking and money

laundering charges, his attorney filed a brief in this court pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967), seeking to withdraw from this appeal and have it

dismissed. To invoke *Anders*, of course, a defendant's lawyer must "submit a

brief to the client and the appellate court indicating any potential appealable

issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th

---

[*] After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Calderon*, 428 F.3d at 930. At that point, this court must "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If and only if they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In his *Anders* brief, Mr. Summers's counsel identifies two potentially appealable issues but concludes that both are without merit. Despite being afforded an opportunity to do so, Mr. Summers has not submitted any materials disputing this analysis or identifying other arguments he would like to pursue. After our own independent review of the record, we agree with Mr. Summers's counsel that any appeal in this case would be fruitless.

The first potential issue counsel identifies is this: the government should have sought Mr. Summers's cooperation against other defendants and then offered him a downward departure at sentencing for his substantial assistance, all pursuant to U.S.S.G. § 5K1.1. But the government had no legal duty to seek cooperation, and even if Mr. Summers had cooperated, the government still would not have been required to file a § 5K1.1 motion. As counsel recognizes, the Sentencing Commission has, "wisely or unwisely[,] left the matter of [seeking a] substantial assistance [downward departure] to the prosecutor, unless there's a formal agreement which would bind the [government]." *United States v. Massey*, 997 F.2d 823, 824 (10th Cir. 1993) (quotation omitted). And in this case, counsel

acknowledges, the government never agreed (formally or otherwise) to file a § 5K1.1 motion. In fact, the plea agreement between Mr. Summers and the government, which was entered under Fed. R. Crim. P. 11(c)(1)(C) and thus bound the court once accepted, specified that Mr. Summers would be sentenced to 240 months imprisonment, the exact sentence he received (and which, incidentally, was significantly below the low end of the relevant advisory guidelines range).

The second potential issue counsel identifies — a speedy trial argument — fares no better. The Speedy Trial Act requires that a criminal defendant must be brought to trial within seventy days of either his initial appearance or indictment, whichever occurs last. *See* 18 U.S.C. § 3161(c)(1). But the Act also contains "a long and detailed list of periods of delay that are excluded in computing the time within which the trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006). Taking into account the time excluded by the district court in accordance with the Act, fewer than seventy speedy trial days passed between the date of Mr. Summers's arraignment and the date he pled guilty. Mr. Summers might, of course, seek to challenge one or more of these exclusions as improperly granted or inadequately explained. But because he never filed a motion to dismiss his indictment on speedy trial grounds, we cannot review any Speedy Trial Act arguments he might make now, even for plain error. *See* 18 U.S.C. § 3162(a)(2); *United States v. Gomez*, 67 F.3d 1515, 1519-21 (10th Cir. 1995).

To be sure, the speedy trial right has a constitutional as well as statutory dimension. The Supreme Court has explained that Sixth Amendment speedy trial claims are evaluated under a four factor balancing test. These factors are: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992). And the first factor itself has two aspects. "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." *Id*. at 651-52 (quotation omitted). Only then do we consider "as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id*. at 652.

As counsel recognizes, however, Mr. Summers's constitutional argument fails under this standard. We readily acknowledge that the approximately fourteen month period between Mr. Summers's arraignment on April 29, 2010, and his guilty plea on July 6, 2011, may appear sufficient to meet *Doggett*'s first factor under our precedent. *See United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) ("Delays approaching one year generally satisfy the requirement of presumptive prejudice."). But, also relevant under *Doggett*'s first factor, the delay here was only slightly longer than "the bare minimum needed to trigger

- 4 -

judicial examination of the claim." 505 U.S. at 652. And moving to the other *Doggett* factors, things get even worse for Mr. Summers. Relevant to *Doggett*'s second factor, most of the delay in this case is attributable to Mr. Summers, not the government. On June 7, 2010, Mr. Summers's counsel requested a continuance to prepare for trial, and the district court pushed back the trial date from June 22, 2010 until November 8, 2010. Then, after the trial was continued until January 18, 2011 due to the unavailability of government witnesses, Mr. Summers filed a motion challenging his competence to stand trial and requesting a mental evaluation. The evaluation process delayed the proceedings until July 6, 2011, at which time the court found Mr. Summers competent. Mr. Summers entered his guilty plea that same day. The third *Doggett* factor also cuts against Mr. Summers. Although Mr. Summers opposed the government's motion for a continuance due to the unavailability of witnesses, the initial continuance and the mental health evaluation were both requested by Mr. Summers's counsel. Mr. Summers never objected to these delays or moved to dismiss the indictment on speedy trial grounds. Finally, there is no apparent basis for concluding that Mr. Summers suffered undue prejudice due to the delays. Taking all the *Doggett* factors together, counsel is correct that Mr. Summers cannot establish a Sixth Amendment violation.

The motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge