FILED
United States Court of Appeals
Tenth Circuit

May 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TODD SUMMERS,

    Defendant - Appellant.

No. 14-8084
(D.C. Nos. 2:13-CV-00275-NDF & 2:09-
CR-00099-NDF-1)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

---

Todd Summers seeks a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2255 motion. He also seeks to appeal the denial of his

subsequent Fed. R. Civ. P. 59(e) motion. We deny a COA, and dismiss the appeal.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Summers pled guilty to methamphetamine conspiracy and money laundering charges in 2011. Following a competency hearing, the district court accepted Summers' plea. His presentence investigation report ("PSR") stated that Summers "advised he has an undiagnosed health problem, which he believes involved his colon; and he is concerned that it may be cancerous." The PSR further explained that Summers received a standard medical examination and "no abnormal findings were noted." Summers did not mention any medical concerns during his sentencing. Nor did he raise any issues relating to his medical treatment or diagnosis in his direct appeal. See United States v. Summers, 479 F. App'x 159 (10th Cir. 2012) (unpublished).

On December 10, 2013, Summers filed for § 2255 relief. He argued that the government failed to inform him that a medical evaluation prior to sentencing revealed an abnormal fecal occult blood test ("FOBT"). The district court concluded that Summers offered only speculation that prosecutors knew about his condition, and that his complaint was untimely under § 2255's one-year statute of limitations. See § 2255(f). It dismissed his claim and denied a COA. He filed a Rule 59(e) motion for reconsideration, which the district court also denied. Summers, proceeding pro se, timely appealed.[1]

# II

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make such a showing,

---

[1] We construe Summers' pro se filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Summers must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 475 (2000) (quotations omitted).

On appeal, Summers repeats his argument that the government improperly withheld information about his abnormal FOBT. But he provides no evidence of impropriety. Summers also argues that he would have been able to persuade the government to accept a lower sentence if he had known about the FOBT. He points to briefing before the district court in which the government stated it was "conceivable" that it "could have been" persuaded to agree to a lower sentence if it had known about his condition. Contrary to Summers' assertion, a showing that the government might have agreed to a lower sentence is too speculative to support relief. See United States v. Boone, 62 F.3d 323, 327 (10th Cir. 1995) ("Without any showing that . . . such plea would have been acceptable to the court, or that the resulting sentence would have been different than that imposed under the Sentencing Guidelines, all that the Defendant urges is speculation."). Moreover, the district court explained that if it had not accepted Summers' plea as negotiated, he would have faced a mandatory life sentence, indicating that he was not prejudiced by the government handling his plea as it did. Summers' bare speculation is not sufficient to establish that he suffered prejudice from any alleged government misconduct, a prerequisite for relief. See Massaro v. United States, 538 U.S. 500, 504 (2003).

Because Summers cannot establish that he suffered prejudice, we do not consider the merits of his misconduct claim. Nor do we consider his argument that the district court erred by concluding that he was not entitled to equitable tolling.

### III

A COA is required to appeal the denial of a Rule 59(e) motion in a § 2255 case. See United States v. Cobb, 307 F. App'x 143, 145 (10th Cir. 2009) (unpublished). In his Rule 59(e) motion before the district court, Summers reasserted his arguments relating to the abnormal FOBT. Because the record provides no evidence showing that Summers is entitled to § 2255 relief, or that the district court erred in its consideration of his Rule 59(e) motion, Summers has not shown that he is entitled to a COA to appeal the denial of his Rule 59(e) motion.

### IV

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge