FILED
United States Court of Appeals
Tenth Circuit

September 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN H. TATUM, JR.,

Defendant - Appellant.

No. 15-3042
(D. Kansas)
(D.C. Nos. 2:14-CV-02390-JWL and
2:08-CR-20117-JWL-3)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MATHESON**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

Petitioner, Kevin H. Tatum, Jr., pleaded guilty to conspiracy to possess

cocaine with intent to distribute, possession of a firearm in furtherance of a drug

trafficking crime, and possession of a firearm by a prohibited person. He did not

appeal either of his convictions or the 211-month sentence he received on

September 23, 2009. On August 7, 2014, nearly five years after he was

sentenced, Tatum filed a motion to vacate, set aside, or correct sentence pursuant

to 28 U.S.C. § 2255. In the motion, he raised claims of actual innocence and

ineffective assistance of counsel.

Respondent moved to dismiss the § 2255 motion as untimely, arguing it was filed well outside the one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The district court granted Respondent's motion, concluding Tatum failed to avoid the one-year limitations period by making a showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (holding "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). Tatum then filed an untimely Rule 59(e) motion for reconsideration, asserting the district court mistakenly failed to consider whether the ineffective assistance of his counsel supported his claim of actual innocence. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The district court denied the Rule 59(e) motion, concluding that, regardless of the reasons for his guilty plea, there were multiple reasons why Tatum failed to satisfy all the requirements of the actual innocence exception.

Proceeding pro se, Tatum is before this court seeking a certificate of appealability ("COA") so he can appeal the dismissal of his § 2255 motion. The notice of appeal Tatum filed on February 26, 2105, however, is untimely because his Rule 59(e) motion did not toll the period for him to file his notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(iv) (extending the time to file a notice of appeal only if a party files a *timely* Rule 59 motion). We retain jurisdiction, however, to

consider whether Tatum is entitled to a COA permitting review of the district court's denial of his Rule 59(e) motion.[1]  *See United States v. Cobb*, 307 F. App'x 143, 145 (10th Cir. 2009) (unpublished disposition) (concluding a COA is required to appeal the denial of a Rule 59(e) motion in a § 2255 case).

To receive a COA, Tatum must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  In evaluating whether Tatum has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Tatum need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove

---

[1]Because Tatum's Rule 59(e) motion was filed more than twenty-eight days after judgment was entered, the district court should have treated it as a Rule 60(b) motion. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  The court's error is immaterial, however, because Tatum is not entitled to a COA under any standard.  *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241-42 (10th Cir. 2006) (discussing the applicable standard for relief under Rule 60(b)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005) (discussing the differences between a Rule 60(b) motion and a second or successive habeas petition).  *See also Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006) (holding a movant must obtain a COA to appeal the denial of a "true Rule 60(b) motion").

something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Tatum's application for a COA and appellate filings, the district court's orders, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Tatum is not entitled to a COA. Because no reasonable jurist could disagree with the district court's ruling on Tatum's motion for reconsideration, the court's resolution of that motion is not reasonably subject to debate and the issues Tatum seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Tatum's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge