**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TUYEN VU NGO,

    Defendant - Appellant.

No. 16-6361
(D.C. No. 5:05-CR-00168-F-4)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

In 2005, Tuyen Vu Ngo was indicted on two counts of drug trafficking

involving methlyenedioxymethamphetamine (MDMA), commonly known as ecstasy.

He stipulated at trial that the 201,688 MDMA tablets seized by law enforcement

officials contained 3,4-methlyenedioxymethamphetamine. He was convicted on both

charges and sentenced to twenty years' imprisonment. His conviction was affirmed

on direct appeal. *United States v. Ngo*, 226 F. App'x 819 (10th Cir. 2007). He did

not challenge his sentence on direct appeal, but he later filed a motion to vacate

under 28 U.S.C. § 2255, which the district court denied. This court denied him a

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

certificate of appealability (COA).  *United States v. Ngo*, 307 F. App'x 242 (10th Cir. 2009).

In 2015, Mr. Ngo filed a pro se motion purportedly based on Federal Rule of Civil Procedure 60(b).  He argued that the indictment did not identify a controlled substance listed in Schedule I of 21 U.S.C. § 812 because it specified methlyenedioxymethamphetamine, not 3,4-methlyenedioxymethamphetamine, as it is listed in Schedule I, *see* 21 C.F.R. § 1308.11(d)(11) (including 3,4-methlyenedioxymethamphetamine in Schedule I).  He claimed that he first became aware of this "newly discovered evidence" in November 2014.  He contended that the alleged flaw in the indictment revealed jurisdictional defects, structural error, a constructively amended indictment, a fatal variance, a defective jury instruction on reasonable doubt, and a defective jury verdict, all of which entitled him to a ruling under Federal Rule of Civil Procedure 60(b)(2), (b)(4), and (b)(6) that his conviction was void for lack of jurisdiction or vagueness.  Mr. Ngo requested that the court not construe the motion as a second or successive § 2255 motion.  He later moved to file a supplemental amendment to his motion.

The Honorable Tim Leonard granted Mr. Ngo's motion to file an amendment to his purported Rule 60(b) motion but ruled that the court lacked jurisdiction over the motion because Rule 60(b) does not apply in a criminal case.  In the alternative, Judge Leonard reasoned that if construed as a § 2255 motion rather than a true Rule 60(b) motion, the court would still lack jurisdiction given Mr. Ngo's failure to first obtain the certification from this court to file a second or successive § 2255

2

motion that is required under 28 U.S.C. § 2255(h).  Judge Leonard added that it was

"not in the interest of justice to transfer [the motion to this court] for authorization."

R., Vol. I at 18 n.2.

Mr. Ngo then filed a motion asking the district court to (1) correct, under

Federal Rule of Criminal Procedure 36 and/or Civil Rule 60(a), the use of the wrong

case number in the caption of Judge Leonard's order; (2) reconsider the disposition

of the purported Rule 60(b) motion because Judge Leonard had permitted Mr. Ngo to

amend the motion under Federal Rule of Civil Procedure 15(a)(1) but then held that

Rule 60(b) was inapplicable in a criminal matter; (3) reconsider the request for a

COA he made in his purported Rule 60(b) motion; and (4) precertify his purported

Rule 60(b) motion to this court in the event it was construed as a second or

successive § 2255 motion.

The case was reassigned to the Honorable Stephen P. Friot, who granted the

motion to correct the case number that appeared in Judge Leonard's order but

otherwise denied relief.  Judge Friot observed that in requesting reconsideration of

the jurisdictional dismissal of his purported Rule 60(b) motion, Mr. Ngo sought to

change the substance of the dismissal.  But that sort of relief was inappropriate under

Federal Rule of Criminal Procedure 36 and Federal Rule of Civil Procedure 60(a),

which are used to correct inadvertent ministerial errors.

Judge Friot next considered whether Mr. Ngo was entitled to relief under Fed. R. Civ. P. 59(e) for the dismissal of the purported Rule 60(b) motion.[1] Judge Friot determined that because the purported Rule 60(b) motion was in substance a second or successive § 2255 motion, Judge Leonard had properly ruled that the court lacked jurisdiction over it absent an order from this court authorizing it through the procedure set out in 28 U.S.C. § 2244(b). Judge Friot also determined that Judge Leonard was not authorized to grant Mr. Ngo's alternative request for "precertification" of his second or successive § 2255 motion, explaining that only this court could authorize the filing of such a motion. Judge Friot considered whether the § 2255 motion should be transferred to this court for authorization but decided that the interest of justice did not require it because Mr. Ngo's claims were unlikely to have merit. Finally, Judge Friot denied a COA as to both Judge Leonard's order and Judge Friot's own order denying relief under Rule 59(e).

Mr. Ngo filed a notice of appeal from the two orders combined with a request for a COA, which is necessary to appeal those orders. *See United States v. Cobb*, 307 F. App'x 143, 144–45 (10th Cir. 2009) (concluding that a COA is necessary to appeal the denial of a Rule 59(e) motion challenging the denial of a § 2255 motion)[2]; *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding that a COA

---

[1] Judge Friot construed the motion before him as "a true Rule 59(e) motion in that it challenges Judge Leonard's procedural ruling, and . . . Judge Leonard's failure to address alternative procedural requests made in [Mr. Ngo's] filings." R., Vol. I at 35 n.2.

[2] We cite our unpublished decision in *Cobb* only for its persuasive value. *See* Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

4

is required to appeal an order dismissing a "§ 2255 motion for lack of jurisdiction on the ground that it is a second or successive motion and unauthorized by the court of appeals"). A COA can issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court resolved Mr. Ngo's motions on procedural grounds, he can obtain a COA only by showing "that jurists of reason would find it debatable whether [his motions] state[] a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Liberally construing Mr. Ngo's pro se filings, *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we conclude that he has not satisfied the procedural aspect of the *Slack* test. We therefore need not consider the merits aspect of that test.

First, reasonable jurists could not debate the conclusion that the purported Rule 60(b) motion was an unauthorized second or successive § 2255 motion. As relevant here, a § 2255 motion is one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). Although Mr. Ngo claims his purported Rule 60(b) motion addressed deficiencies in his federal habeas proceeding, that is simply not the case. His motion attacked the adequacy of his indictment and the trial court's jurisdiction under federal law, issues that he did not raise in his first § 2255 motion. This plainly demonstrates that his motion was a § 2255 motion, not a true Rule 60(b) motion.

5

*Compare In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (per curiam) (concluding that a purported Rule 60(b) motion was an unauthorized second or successive § 2255 motion where the prisoner argued that the trial court "lacked jurisdiction to convict or sentence him because the indictment did not describe a 'locus in quo' where the alleged violation occurred, did not allege a violation of the Commerce Clause, and did not show that the federal codes and statutes he was alleged to have violated were enacted by Congress"), *with United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (rejecting idea that a motion alleging a sentence is unlawful should be construed as a true Rule 60(b) motion because it did "not assert[] any procedural error in the disposition of [the prisoner's] original habeas motion"). Accordingly, the conclusion of both district court judges that the motion was an unauthorized second or successive § 2255 motion over which the district court lacked jurisdiction is not reasonably debatable. *See Cline*, 531 F.3d at 1251 (holding that district court lacks subject matter jurisdiction over unauthorized second or successive § 2255 motion).[3]

Second, Judge Friot's conclusion that the district court lacked the power to "precertify" his motion to this court is not reasonably debatable. Certification must come from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h).

Third, we see no room for reasonable debate as to Judge Friot's determination that transferring the motion to this court was not in the interest of justice. Judge Friot based that determination on his view that Mr. Ngo's claims were unlikely to have

---

[3] Because it is not reasonably debatable that the district court lacked jurisdiction, there is no merit to Mr. Ngo's suggestion that the court should have ordered a response from the government and reviewed his claims on the merits.

6

merit, which is one of the factors bearing on the interest-of-justice inquiry, *Cline*, 531 F.3d at 1252. However, we conclude that a more fundamental procedural consideration counseled against transfer, and we may deny a COA on such a ground even though Judge Friot did not rely on it, *see Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("[W]e may deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar.").[4]

Authorization of a second or successive § 2255 motion requires an appropriate appellate panel to certify that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). Mr. Ngo's recent discovery that the indictment omitted the "3,4-" prefix from MDMA is not "newly discovered evidence" bearing on his innocence that might satisfy § 2255(h)(1), but instead a legal argument that has been available to him since the indictment was filed in 2005. And he has not shown that reasonable jurists could

---

[4] Judge Leonard provided no express reason for declining transfer, but we consider his decision not reasonably debatable for the same reasons Judge Friot's refusal to transfer the motion was not reasonably debatable. Mr. Ngo claims that transfer is mandatory, but we firmly rejected that notion in *Cline*, stating that when confronted with an unauthorized second or successive § 2255 claim, "the district court *may* transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it *may* dismiss the motion or petition for lack of jurisdiction," 531 F.3d at 1252 (emphasis added).

7

debate whether his motion met these standards. His substantive argument does not rely on any new, retroactively-applicable rule of constitutional law that would satisfy § 2255(h)(2). Denial of transfer was therefore not reasonably debatable because there was "no risk that a meritorious successive claim [would] be lost." *Cline*, 531 F.3d at 1252.[5]

We deny a COA and dismiss this matter. Mr. Ngo's motion to file a reply brief out of time is granted. Mr. Ngo's application to proceed on appeal in forma pauperis is denied as moot, and we remind Mr. Ngo of his obligation to pay all filing and docketing fees in full to the district court clerk.

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[5] Nothing in this order should be construed as a denial of § 2255(h) certification. If Mr. Ngo wishes to seek such certification, he must file a motion for authorization as required by 28 U.S.C. § 2244(b)(3)(A).