**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DESHANE GANTT,

Defendant-Appellant.

No. 18-3172
(D.C. Nos. 6:10-CR-10175-EFM-1 &
6:13-CV-01415-MLB)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HOLMES**, **MATHESON**, and **EID**, Circuit Judges.

---

Deshane Gantt seeks a certificate of appealability ("COA") to appeal from the district court's orders dismissing his Federal Rule of Civil Procedure ("Rule") 60(b) motion and denying his Rule 59(e) motion. Insofar as Mr. Gantt purports to appeal from the order dismissing his Rule 60(b) motion, we **dismiss** that portion of his appeal for lack of jurisdiction. And we **deny** Mr. Gantt's request for a COA to appeal from the order denying his Rule 59(e) motion and **dismiss** this matter.

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

# I

In 2011, Mr. Gantt pleaded guilty to using a firearm during a bank robbery. After an unsuccessful appeal, Mr. Gantt moved to vacate his sentence under 28 U.S.C. § 2255. Among other claims, his pro se § 2255 motion claimed that his counsel was ineffective during plea negotiations. The district court denied the § 2255 motion.

Years later, Mr. Gantt moved under Rule 60(b) to set aside the district court's order denying his § 2255 motion and to reopen the proceeding. In this Rule 60(b) motion, Mr. Gantt argued that there was a defect in his habeas proceeding because he lacked postconviction counsel to help him file the § 2255 motion. More specifically, Mr. Gantt alleged that this defect caused him to omit from his § 2255 motion substantial claims of ineffective assistance of counsel relating to plea negotiations. And so he asked the court to remedy this defect by vacating its prior order denying his § 2255 motion and by permitting him "to withdraw his plea for ineffective assistance of counsel." R., Vol. II, at 322 (Rule 60(b) Mot., filed July 19, 2017).

On January 17, 2018, the district court dismissed the Rule 60(b) motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion (the "January Order").[1] The court acknowledged that Mr. Gantt styled his Rule 60(b) motion as "challenging a 'defect' in the previous habeas proceeding"—namely, lack of

---

[1]     A prisoner may not file a second or successive § 2255 motion without authorization from this court. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). A district court lacks jurisdiction to consider the merits of a second or successive § 2255 motion absent circuit authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

postconviction counsel. *Id.* at 357 (Mem. & Order, entered Jan. 17, 2018). But the court noted that Mr. Gantt used this "defect" to excuse his failure to make ineffective-assistance-of-trial-counsel claims in his original § 2255 motion.

The problem for Mr. Gantt, the court explained, was that his first § 2255 motion *did* raise an ineffective-assistance-of-trial-counsel claim, which the court rejected. So although Mr. Gantt alleged an ostensible "defect" in his first habeas proceeding, the Rule 60(b) motion actually "challenge[d] the validity of his sentence and reassert[ed] ineffective assistance of [trial] counsel claims." *Id.* at 358. In other words, the motion attacked the validity of his sentence by asserting an old claim wrapped in new rationales. As such, the court reasoned that Mr. Gantt's motion was not a "true" Rule 60(b) motion but, rather, a second or successive § 2255 motion. Thus, the court dismissed the motion for lack of jurisdiction.[2]

Thirty days later, on February 16, 2018, Mr. Gantt moved under Rule 59(e) to amend the January Order. He argued that the district court clearly erred by construing his Rule 60(b) motion as a second or successive § 2255 motion. To correct that alleged clear error, Mr. Gantt asked the court to amend the January Order. On July 13, 2018, however,

---

[2] In the January Order, the district court noted that Mr. Gantt lacked "a right to counsel during his § 2255 proceeding." R., Vol. II, at 357. The lack of a constitutional right to postconviction counsel, however, was not the basis on which the court dismissed Mr. Gantt's Rule 60(b) motion. Rather, the court dismissed the motion as an unauthorized second or successive motion because "[t]he substance of [Mr. Gantt's Rule 60(b)] motion challenge[d] the validity of his sentence and reassert[ed] ineffective assistance of [trial] counsel claims." *Id.* at 358.

3

the district court denied Mr. Gantt's Rule 59(e) motion (the "July Order"). The court again explained why it had treated the Rule 60(b) motion as an unauthorized second or successive § 2255 motion.

A month later, Mr. Gantt filed a notice of appeal. The notice said that Mr. Gantt "objects to" the district court's "order and judgment as it relates to both the 60(b) and 59(e) [motions]." *Id.* at 526 (Notice of Appeal, filed Aug. 13, 2018). Because the district court treated Mr. Gantt's Rule 60(b) motion as a second or successive § 2255 motion, this court concluded that § 2253(c)'s COA requirement applied and remanded for the district court to consider whether to issue Mr. Gantt a COA. The district court refused to grant a COA.

## II

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a COA is a jurisdictional prerequisite to this court's review of a "final order" in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B); *see also Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (discussing the "clear" jurisdictional language in § 2253(c)(1)). As relevant here, this COA requirement applies to appeals from orders resolving motions under Rules 59(e) and 60(b). *See Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006) (applying COA requirement to appeal from an order denying a Rule 60(b) motion); *see also United States v. Tatum*, 613 F. App'x 770, 770 (10th Cir. 2015) (unpublished) ("We retain jurisdiction . . . to consider whether Tatum is entitled to a COA permitting review of the district court's denial of his Rule 59(e) motion."); *United*

4

*States v. Cobb*, 307 F. App'x 143, 145 (10th Cir. 2009) (unpublished) (observing, in §

2255 proceeding, that *Spitznas*'s reasoning underlying COA requirement for appeal of

Rule 60(b) ruling "applies equally to motions under Rule 59(e)").

We must decide whether to grant Mr. Gantt a COA to appeal from either the

district court's January Order dismissing his Rule 60(b) motion or the court's July Order

denying his Rule 59(e) motion.

**A**

Before we may consider whether to grant Mr. Gantt a COA to appeal the January

Order, we must first satisfy ourselves that we have jurisdiction.  To properly invoke our

jurisdiction, an appellant must file a timely notice of appeal.  *See* FED. R. APP. P. 3(a)(1);

*see also Faircloth v. Raemisch*, 692 F. App'x 513, 517 (10th Cir. 2017) (unpublished)

(noting that whether an appeal is timely is jurisdictional and this is an issue to be

considered before addressing whether to grant a COA).  In a civil case in which the

United States is a party, as here, a would-be appellant has sixty days to appeal from a

final order.  *See* FED. R. APP. P. 4(a)(1)(B)(i).  Although a Rule 59(e) motion can toll this

time limit, *see id.* 4(a)(4)(A)(iv), it does so only "if the motion was itself timely."  *Searles*

*v. Dechant*, 393 F.3d 1126, 1129 (10th Cir. 2004).  A party has twenty-eight days to move

to amend an order under Rule 59(e).  *See* FED. R. CIV. P. 59(e).  If a party files an

untimely appeal from a final order, we lack jurisdiction over that appeal.  *See Becker v.*

*Montgomery*, 532 U.S. 757, 765–66 (2001) (reaffirming that Fed. R. App. P. 3(a)(1) is

jurisdictional).

5

Mr. Gantt purports to appeal from the January Order dismissing his Rule 60(b) motion. However, we conclude that this appeal is untimely. More specifically, although Mr. Gantt did file a Rule 59(e) motion, he did so thirty days after the district court entered the January Order—that is, two days too late to toll the running of the time period to appeal from that January Order (i.e., the Rule 60(b) order).[3] Therefore, Mr. Gantt had until mid-March to appeal from the January Order. He missed that deadline by five months, filing his notice of appeal with respect to the January Order in August 2018. Thus, Mr. Gantt's notice of appeal is untimely as to the January Order and will not permit us to take jurisdiction over his appeal from that order. Accordingly, we are constrained to dismiss Mr. Gantt's appeal insofar as it relates to the January Order for lack of jurisdiction.

**B**

Mr. Gantt's notice of appeal was filed within the prescribed sixty-day period following the district court's order denying his Rule 59(e) motion. Thus, we have jurisdiction to determine whether to grant Mr. Gantt a COA to appeal from that order. Under the familiar COA standard, we inquire whether "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). What an applicant must do to carry this burden turns on whether the district court resolved the

---

[3]      Having independently reviewed Mr. Gantt's motion, we note that this conclusion of untimeliness could not be avoided through application of the prison mailbox rule, and Mr. Gantt has not attempted to carry his "burden of proof on this issue" in any event. *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005).

motion before it on the merits or on procedural grounds. *See United States v. Springer*, 875 F.3d 968, 981 (10th Cir. 2017). To get a COA from a merits ruling, an applicant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, --- U.S. ----, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). But if the court relied on a procedural ground in denying relief, an applicant must show both that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Notably, orders dismissing Rule 60(b) motions or other post-judgment filings as unauthorized second or successive actions are classified under *Slack*'s rubric as procedural rulings. *See Springer*, 875 F.3d at 981 (describing a COA request from a Rule 60(b) denial as involving a "procedural ruling"); *Laurson v. Leyba*, 507 F.3d 1230, 1231–32 (10th Cir. 2007) (same).[4] Accordingly, panels of this court have made clear that, for prisoners seeking to appeal from such orders, it is necessary (though not

---

[4]     *See also United States v. McCoy*, --- F. App'x ----, No. 18-4057, 2018 WL 6179008, at *1–2 (10th Cir. Nov. 27, 2018) (unpublished) (treating an order denying a Rule 60(b) motion as a successive § 2255 motion as a procedural ruling); *United States v. Alvarez*, 735 F. App'x 550, 551 (10th Cir. 2018) (unpublished) (same); *United States v. Margheim*, 735 F. App'x 974, 977 (10th Cir. 2018) (unpublished) (same).

sufficient) that they overcome *Slack*'s procedural hurdle. That is, they must establish that reasonable jurists could debate the propriety of such dismissal orders. *See, e.g.*, *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (requiring a prisoner to overcome *Slack*'s procedural hurdle to appeal from the district court's dismissal of a post-judgment motion as second or successive). And the same holds true for orders denying Rule 59(e) motions seeking to upend such prior dismissals—i.e., prisoners must establish that reasonable jurists could debate a district court's denial of such motions. *See, e.g.*, *Dopp v. Martin*, --- F. App'x ----, No. 18-5070, 2018 WL 5291024, at *1 (10th Cir. Oct. 24, 2018) (unpublished) (applying *Slack*'s procedural burden regarding a request for a COA to appeal from an order denying a Rule 59(e) motion to alter an order that dismissed a filing as successive); *United States v. McKinney*, 743 F. App'x 252, 255 (10th Cir. 2018) (unpublished) (same); *United States v. Tuyen Vu Ngo*, 700 F. App'x 806, 808–09 (10th Cir. 2017) (unpublished) (same).

The upshot is that we cannot grant Mr. Gantt a COA to appeal from the July Order denying his Rule 59(e) motion unless jurists of reason could debate the district court's resolution of that motion, and our determination of that issue depends on whether reasonable jurists could debate the district court's procedural determination that his Rule 60(b) motion was an unauthorized second or successive § 2255 motion. We conclude that reasonable jurists could not debate this procedural determination.

A Rule "60(b) motion is a second or successive petition [or § 2255 motion] if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's

8

underlying conviction." *Spitznas*, 464 F.3d at 1215. Even when a Rule 60(b) motion

"challenges a defect in the integrity of the federal habeas proceeding," it is not a true Rule

60(b) motion if that challenge "lead[s] inextricably to a merits-based attack on the

disposition of a prior habeas petition" or § 2255 motion, *id.* at 1216—i.e., a disposition

that implicates a prisoner's claims for relief with respect to his underlying conviction.

Put differently, "a Rule 60(b) motion is actually a second-or-successive petition [or §

2255 motion] if the success of the [Rule 60(b)] motion depends on a determination that

the court had incorrectly ruled on the merits in the habeas [or § 2255] proceeding." *In re*

*Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012).

The district court correctly dismissed Mr. Gantt's Rule 60(b) motion as an

unauthorized second or successive § 2255 motion. Recall that the "defect" Mr. Gantt

alleged was his omission of a "meritorious claim of ineffective assistance of counsel";

this omission was supposedly caused by Mr. Gantt's "lack of [postconviction] counsel."

R., Vol. II, at 312. And Mr. Gantt asked the court to correct the defect—not only by

vacating its order denying his § 2255 motion—but also by permitting him "to withdraw

his [guilty] plea for ineffective assistance of counsel." *Id.* at 322. The district court had

already denied Mr. Gantt that same relief when Mr. Gantt advanced a claim of ineffective

assistance in his original § 2255 motion. Based on the foregoing, it is beyond

peradventure that in his Rule 60(b) motion Mr. Gantt was actually seeking to "reassert[] a

federal basis for relief from [his] underlying conviction." *Spitznas*, 464 F.3d at 1215.

As such, Mr. Gantt's motion was not a true Rule 60(b) motion; it was an

unauthorized second or successive § 2255 motion, as the district court determined. *See*

*Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005) (explaining that a Rule 60(b) motion

"seek[ing] vindication" of a claim of constitutional error omitted from a prior habeas

petition should be treated as a successive petition); *cf. In re Pickard*, 681 F.3d at 1206–07

(holding that the portion of a Rule 60(b) motion alleging that the government deceived

the habeas court during the § 2255 proceeding was a "true" Rule 60(b) motion but that the

portion of the motion that merely repeated an already-rejected claim that "the prosecution

violated its *Brady*/*Giglio* duties at trial was properly characterized . . . as a second-or-

successive claim"). And therefore reasonable jurists could not debate the district court's

resolution of Mr. Gantt's Rule 59(e) motion, which sought to upend the court's

procedural ruling dismissing his Rule 60(b) motion.[5] Accordingly, we deny Mr. Gantt a

COA to appeal from the district court's July Order denying his Rule 59(e) motion.

### III

For the forgoing reasons, the portion of Mr. Gantt's appeal seeking a COA to

challenge the district court's dismissal of his Rule 60(b) motion is **DISMISSED** for lack

---

[5]     Mr. Gantt's application for a COA discusses at length *Trevino v. Thaler*, 569 U.S. 413 (2013), and *Martinez v. Ryan*, 566 U.S. 1 (2012). Those cases address whether an instance of ineffective assistance of counsel during state-court collateral proceedings may excuse a procedural default of an underlying ineffective-assistance-of-trial-counsel claim. Assuming *arguendo* that the rubric of *Trevino* and *Martinez* is apposite in this federal proceeding stemming from the district court's denial of a § 2255 motion, the problem for Mr. Gantt is that there is no defaulted ineffective-assistance-of-trial-counsel claim to excuse; he raised such a claim in his original § 2255 motion. *Trevino* and *Martinez* are therefore not germane here.

of appellate jurisdiction.  In the remainder of his appeal, Mr. Gantt requests a COA to attack the court's denial of his Rule 59(e) motion.  This request is **DENIED** and we accordingly **DISMISS** this matter.[6]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[6]     Mr. Gantt's September 7, 2018, motion for publication of our decision resolving this matter is **denied**.